This is a divorce case.
Jerry W. Sanders, Husband, and Mary S. Sanders, Wife, were married in 1963. Husband filed for a divorce in 1984. A final judgment of divorce was entered on March 11, 1985. On April 16, 1985, Husband filed a motion for relief pursuant to Rule 60 (b) of the Alabama Rules of Civil Procedure. The motion contained allegations of fraud on the part of Wife in obtaining the settlement agreement that had been incorporated into the earlier divorce decree. On April 18, 1985, before any hearing was held on the Rule 60 (b) motion, Husband filed this appeal. We must affirm.
The notice of appeal filed by Husband states that the appeal is from the trial court's final decree of March 11, 1985. However, no argument or authorities were cited in Husband's brief in support of such an appeal. We will address on appeal only those issues presented and for which supporting authorities have been cited to the *Page 463 
court. Eady v. Steward Dredging and Construction Co.,463 So.2d 156 (Ala. 1985). See also Stover v. Alabama Farm BureauInsurance Co., 467 So.2d 251 (Ala. 1985). The issues presented relate only to the charges contained in the 60 (b) motion, which was never heard or ruled upon.
Even more perplexing than the absence of an attack on the judgment appealed from is the absence of a transcript of evidence in the record. It is clear from the trial court's judgment that testimony was heard ore tenus. However, no transcript of this testimony is contained in the record before this court. Consequently, we have no alternative but to affirm the trial court's action. Proctor v. Proctor, 453 So.2d 1047
(Ala.Civ.App. 1984); Clark v. Clark, 382 So.2d 574
(Ala.Civ.App. 1980); Ala. Digest, Divorce, Key Nos. 183, 312.5.
We note that the Rule 60 (b) motion remains pending in the trial court below. Husband's entire brief on appeal was committed to arguing the grounds he asserts in support of this motion. This court cannot consider these arguments, as there has been no ruling and thus no final order made concerning the motion. See § 12-22-2, Code of Alabama 1975; Kelley v. U.S.A.Oil Company, 363 So.2d 758 (Ala. 1978).
This case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.