This is a consolidated declaratory judgment action.
The Marshall County Commission on Government and Finance and Marshall County (Marshall County) filed an action seeking a declaration that it did not have to pay an increase in wages for county employees ordered by the Marshall County Personnel Board (Personnel Board). Subsequently, the Personnel Board filed a complaint seeking a judgment that Marshall County had no authority to refuse to implement the pay scales duly adopted by the Personnel Board for county employees. These two actions were consolidated for trial. After an evidentiary hearing, the trial court held that the Personnel Board had failed to fix a maximum and a minimum wage schedule for each class of county employees as provided by local Act No. 82-206 of the Alabama legislature. The trial court also held that department heads and elected officials should have discretion in fixing the actual wages paid county employees. The court further held that any change in the wage schedules would be effective on October 1 following the order of the Personnel Board. From this order the Personnel Board has appealed.
In its brief here, the Personnel Board did not cite any authority for its contentions that the trial court had committed *Page 956 
reversible error in its order. Usually, when no authority is cited in brief for an issue that issue is not reviewed by this court. See, Sanders v. Sanders, 477 So.2d 462 (Ala.Civ.App. 1985). However, in view of the fact that the act in question has not been previously interpreted, and the importance of the issues raised to the entities involved, we will review the trial court's order.
Act 82-206, Acts of Alabama 1982, provides in pertinent part as follows:
 "Section 3. The provisions of this Act shall apply to all officials and employees in the service of the County or any board paid by the Marshall County Commission, agency or instrumentality thereof except: (a) persons holding elective offices; (b) members of appointive boards, commissions, and committees; (c) all employees of the County Board of Education; (d) independent contractors; (e) and any person whose employment is subject to the approval of the United States Government or any agency thereof.
". . . .
 "Section 9. The Board shall make rules and regulations governing . . . salaries. . . . The Board shall: . . . (3) fix a maximum and minimum salary for each class; (The Board shall review salaries paid by local industry and provide salary scales consistent to the extent possible with the local private sector.). . . .
". . .
 "Section 15. The County shall pay the County employees the salary established by the Board in accordance with the salary authorization establishing minimum and maximum salaries for each class, and no other additional compensation shall be paid to County employees."
The Personnel Board, pursuant to Act 82-206, approved and adopted a pay scale and position qualifications for the employees of Marshall County to be effective on April 1, 1985 and forwarded them to Marshall County. Marshall County subsequently refused to implement the new pay scales on the ground that it would cost an additional $18,000 and the county was without funds to pay these wages.
The pay scale adopted by the Personnel Board provided for ten steps for each classification of employee. Each step provided an increase in the hourly wage based on the length of time on the job. In other words, a base hourly wage was provided for a new employee; then, after six months on the job, the employee's hourly wage would increase. At the end of one year the wage would be increased again. This process was carried through the remainder of the ten steps.
The Personnel Board argues that it complied with legislative intent as expressed in Act 82-206 by adopting pay scales for county employees and by fixing maximum and minimum salary scales for each class of employee as required by the act. Marshall County, on the other hand, says that the Personnel Board acted outside its legislatively delegated authority by authorizing maximum and minimum pay scales which increased employee salaries beyond Marshall County's ability to pay. Marshall County also suggests that the Personnel Board should have consulted with it before it adopted new wage scales to ascertain whether Marshall County could afford to pay the increased salaries. In other words, Marshall County appears to be contending that this court should vest it with veto power over the Personnel Board's maximum-minimum wage scale decisions.
As a general rule, administrative classifications are presumed to be both reasonable and valid when made pursuant to authority delegated by the legislature. Anderson v. Mullins,281 Ala. 609, 206 So.2d 856 (1967). For this reason, the judiciary should not attempt to substitute its discretion for that of an administrative board, such as the Personnel Board in the present case. Furthermore, actions of administrative boards should be affirmed by courts unless those actions are so capricious and arbitrary as to constitute an abuse of legislatively delegated authority. See, Bischoff v. WayneCounty, 320 Mich. 376, 31 N.W.2d 798 (1948).
The act in question gives the Board the sole discretion to make rules and regulations *Page 957 
governing the salaries of county employees. § 9, 1982 Ala. Acts 206. Therefore, Marshall County had the burden of proving that the Personnel Board's classification system for the various pay scales in question was either arbitrary, capricious, or an outright abuse of discretion. See, Ward v. Campbell,610 F.2d 231 (5th Cir. 1980).
Our review of the record discloses that Marshall County offered utterly no evidence to establish that the wage scales promulgated by the Personnel Board were either arbitrary or capricious. Additionally, Marshall County failed to adduce any evidence at trial that the Personnel Board's wage scales were not in compliance with Section 9 of Act 82-206. The only evidence offered by Marshall County was that it lacked the ability to pay salary increases which would result from the implementation of the Personnel Board's wage scale. Act 82-206, however, places the decision regarding the maximum and minimum salaries of each class of county employee within the sound discretion of the Personnel Board. See, § 9, 1982 Ala. Acts 206. Act 82-206 also requires the county to pay county employees the salaries established by the Personnel Board without regard to the county's ability to pay those salaries.See, § 15, 1982 Ala. Acts 206. The county's ability to pay the salaries established by the Personnel Board is, therefore, irrelevant to the determination of whether the Personnel Board's actions were arbitrary or capricious.
In absence of proof that the Personnel Board's wage scale classifications were arbitrary, an abuse of discretion, or an abuse of the Board's legislatively delegated authority, the wage scales must be upheld. See, Ward v. Campbell, supra. The trial court's holding that the Personnel Board failed to fix maximum-minimum wage scales in accordance with Act 82-206 is unsupported by the evidence and, therefore, is erroneous.
We also note that the trial court's order in this case states:
 "It is the thrust of Act No. 82-206 that the defendants and other department heads or elected officials should have considerable discretion in fixing the actual wages and salaries to be paid and that the county should pay neither the lowest nor the highest in wages and salaries."
Thus, the language of the trial court's opinion and order implies that Act 82-206 vests local department heads and elected officials with the discretion to implement only those pay scales of which they approve.
As previously stated, section 9 of the act bestows upon the Personnel Board the power to make rules and regulations governing salaries. Also, section 15 of the act specifically states: "The County shall pay the County employees the salary established by the Board. . . ." § 15, 1982 Ala. Acts 206. The express language of the act, therefore, delegates to the Personnel Board, not the department heads and elected officials of Marshall County, the decision-making authority regarding the salaries of county employees. Furthermore, the act expressly requires the county to pay county employees only those amounts approved by the Board. The language of section 15 makes it obvious that decisions regarding salaries rest within the sound discretion of the Personnel Board and that the county must implement the salaries approved by the Board.
Where statutory language is plain and unambiguous and the meaning of the statute is obvious, no room exists for judicial construction, and this court must enforce the statute as written. State v. Dawson, 264 Ala. 647, 89 So.2d 103 (1956). The express language of the statute in question vests the Personnel Board with the power to set the salary scales in question and requires the county to then implement those salaries. For this reason, the trial court erred in holding that department heads and elected officials should have considerable discretion in determining actual wages and salaries paid to county employees.
The trial court also held that the wage schedules established by the Personnel Board could not be implemented until October 1, 1985, apparently to conform with the beginning of Marshall County's fiscal year. *Page 958 
A careful reading of Act 82-206 fails to reveal any authority for the trial court's order. The act does not require the Personnel Board to submit the established wage scales to Marshall County on any certain date. The act merely provides that the county shall pay the employees the wages established by the Personnel Board. The clear implication of section 15 of the act is that Marshall County must pay its employees the wages fixed by the Board whenever they are established. Consequently, the trial court erred in fixing an arbitrary date for the implementation of the wage scales established by the Personnel Board.
In view of what we have said above about the clear meaning of the pertinent provisions of Act 82-206, Marshall County's efforts to obtain relief from the courts were misdirected. The legislature might be the more appropriate forum for the county.
The judgment of the trial court, therefore, is reversed and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.