This is an alimony modification case.
The original divorce decree awarded periodic alimony to the wife in the amount of $300 per month. The husband sought to modify that decree.
After an ore tenus hearing, the trial court did not change the $300 amount, but limited the period to receive such alimony to three years "unless extended by the Court."
The wife appeals and we affirm.
We have stated on several occasions heretofore that Rule 28, Alabama Rules of Appellate Procedure, provides in pertinent part as follows:
 "(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
". . . .
 "(5) An argument (The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on)."
Where a party fails to substantially comply with the above, this court has no alternative but to affirm. See Melton v.Jackson, 284 Ala. 253, 224 So.2d 611 (1969); Barnhillv. Barnhill, 516 So.2d 725 (Ala.Civ.App. 1987); 2A Ala. Digest, Appeal Error, Key No. 758.1 (1982).
Such is the case here. The wife in her argument section in brief provides no citation of authority. In other sections of her brief, the only citations of authority given concern general propositions of law regarding the ore tenus
rule, the standard of review in alimony modification cases, and the burden of proof in such cases. The citations are found in footnote form only. Furthermore, they are not cited in such a way as to support the wife's contention of error on appeal. The wife's brief, therefore, does not substantially comply with Rule 28, A.R.A.P.
The wife has requested an attorney's fee for representation on appeal. Needless to say, this request is denied.
This case, therefore, is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.