ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child custody case.
Michael and Valerie Edwards are the natural parents of Michael Dewayne Edwards. On March 30, 1987 the parents were deprived of custody of their child when the Juvenile Court of Lee County declared the child to be dependent and awarded temporary legal custody to the Department of Human Resources and physical custody to Carrie Pascal, the paternal great-grandmother of the child. Limited visitation privileges were awarded to the parents.
On August 11, 1987 the paternal grandmother, Elizabeth Sanders, petitioned the juvenile court for legal and physical custody of the child.
After a hearing the trial court disposed of the matters before it by awarding legal and physical custody of the child to Ms. Sanders, awarding specific visitation privileges to the parents, and ordering DHR to make periodic reports to the court relative to the custody of the child. The mother appeals.
Although it clearly appears from the trial court’s order that the testimony of several witnesses was received, the record on appeal contains only a Rule 10(f), A.R.A.P., stipulation of the testimony of the child’s grandmother and great-grandmother.
The stipulation reveals that the grandmother and great-grandmother live in the same house and both care for the child. The grandmother is employed by Morrison’s Cafeteria, Inc., and while she is working the great-grandmother supervises the child.
They said that they were providing a safe and loving home for the child and that he had adjusted very well to being in their home.
In brief here, the mother argues that the trial court erred in awarding custody to the grandmother because there was no evidence of changed circumstances. She contends that nothing had changed since the court awarded temporary legal custody to DHR and physical custody to the great-grandmother after the dependency hearing.
As suggested by the grandmother in her brief, the trial court was making a final disposition of custody of a child previously declared dependent. Section 12-15-71(a)(3)(c), Code 1975, provides that a court, after declaring a child dependent, may *87 transfer legal custody of that child to a qualified relative.
In the case at bar the trial court, after declaring the child dependent, temporarily awarded legal custody to DHR and physical custody to the great-grandmother pending a final disposition of the matter. After a final hearing the trial court awarded legal and physical custody to the grandmother. In view of the meager evidence before this court, we believe the award of custody to the grandmother serves the best interests and welfare of the child. See, Minchew v. Mobile County Department of Human Resources, 504 So.2d 310 (Ala.Civ.App.1987). We note here that testimony was heard by the trial court that is not in the record on appeal. Where this occurs, we must affirm the trial court’s judgment. Sanders v. Sanders, 477 So.2d 462 (Ala.Civ.App.1985).
We believe that the trial court followed the correct legal procedure in deciding the custody of the child in question. The trial court was not modifying a prior custody award based on changed circumstances. Instead, it was making a final custody disposition after having declared a child dependent pursuant to section 12-15-65, Code 1975.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.