THIGPEN, Judge.
In November 1990, Shelby County, Alabama, a political subdivision of the State of Alabama, filed an action against the Shelby County Law Enforcement Personnel Board (Board), and the Sheriff of Shelby County, asking the trial court to declare the Act which created the Board (Act No. 79-524) unconstitutional as violative of Ala. Const, art. IV, § 104(14) and § 105. This suit was initiated and authorized by the Shelby County Commission (Commission). The complaint asserted that the Act conflicts with subject matter already addressed under the general law of Alabama, and that the Act violates § 104(14), because the Act fixes a criminal penalty for its violation. Following the Board’s answer to the complaint, M.T. Smitherman II, an employee of the Shelby County Sheriff’s Department (SCSD), moved to intervene as a party defendant. This motion was granted and Smitherman (having previously been employed by the same sheriff’s department) asserted a counterclaim against Shelby County for accumulated sick leave authorized by the Board pursuant to the Act in question. Shelby County filed its answer to Smitherman’s counterclaim, denying that he was entitled to the relief requested.
At the conclusion of discovery by the parties, both Shelby County and the Board filed motions for summary judgment, alleging that there was no dispute regarding any material fact and that the case was ready for summary disposition. Shelby County also filed a motion to sever Smith-erman’s counterclaim from the action.
After hearing arguments on the motions and receiving written briefs from the parties, the trial court denied Shelby County’s motion for summary judgment, granted summary judgment for the Board, and entered judgment for the defendants and for Smitherman. Thereafter, the trial court denied Shelby County’s motion to alter, amend, or vacate the judgment, but granted Shelby County’s requested Rule 54(b), Alabama Rules of Civil Procedure, judgment, directing entry of a final judgment on the claim as to the constitutionality of the Act. Hence, this appeal.
Basically, Shelby County asserts that the Act conflicts with subject matter already addressed under general law, and is, therefore, unconstitutional in light of § 105; furthermore, Shelby County argues that the Act violates § 104(14), since the Act provides that any violation of its provisions shall be a misdemeanor. Shelby County also argues that the trial court erred in adjudicating Smitherman’s claim for sick leave benefits since it was not the subject of either party’s motion for summary disposition of this case.
Section 105 provides:
“No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law....”
Shelby County asserts that the general statutes of Alabama authorizing the various county commissions to establish county budgets preempt the operation of Act No. *390 79-524, which provides for the setting of salaries or range of salaries for law enforcement personnel by the Board, to the extent that the Act is in violation of § 105.
Ala.Code 1975, § 11-3-13, provides:
“The county commission must adopt a budget system for the conduct of the affairs of the county, and to this end may appropriate from the county treasury sufficient funds to pay the actual expenses of the county as shown by the budget so adopted.”
Ala.Code 1975, § 11-8-1 et seq., also known as the Budget Control Act, defines the budgeting duties of county commissions as follows:
“It shall be the duty of the county commission, at some meeting in September of each calendar year or not later than its first meeting in October following, to prepare and adopt an estimate of the income of the county for the fiscal year beginning on October 1 of the current calendar year for all public funds under its supervision and control, ... and to appropriate for the various purposes the respective amounts that are to be used for each of such purposes; provided, that the appropriations so made shall not exceed the estimated total income of the county available for appropriations.”
Ala.Code 1975, § 11-8-3. Ala.Code 1975, § 11-8-2, states the legislative purpose of the Budget Control Act as follows:
“[T]o vest in the county commission more efficient power and control over all public funds that may now or hereafter be under its management and control, to limit its power and authority to incur obligations and to approve and pay claims for current operating expenses in any fiscal year to the income of such year available for such purposes and to authorize the refunding of outstanding general obligations, other than bonded indebtedness, so that the provisions of this chapter may be put into effective operation.”
It is important to note that none of the above-quoted legislative enactments directs or mandates county commissions to set salaries, a range of salaries, or sick leave benefits for county personnel. Moreover, the legislature specifically provided for the setting of salaries by municipal governments. Ala.Code 1975, § 11-43-7. Our Supreme Court has previously held that local legislation attempting to establish compensation for law enforcement personnel through means other than those means delegated by general law to municipal governing bodies is unconstitutional. See Johnson v. City of Fort Payne, 485 So.2d 1152 (Ala.1986).
The Act in question created a personnel board for law enforcement personnel in Shelby County and required the Board “[t]o provide a salary range, from minimum to maximum salary authorized, for each class of service” of law enforcement personnel in Shelby County. Act No. 79-524, § 10(c). Moreover, the Act specified that the salary paid to each employee “shall be determined by his or her appointing authority ... provided ... that in each case the salary paid shall be within the limitations prescribed by the board.” Act No. 79-524, § 11.
The question, therefore, is whether the Act’s delegation of authority to establish salary ranges to law enforcement personnel conflicts with the budgetary authority of the Commission. We think not.
In determining whether an act is constitutional, we “ ‘approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government.... [I]t is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.’ Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944).” Home Indemnity Co. v. Anders, 459 So.2d 836, 840 (Ala.1984).
Our Supreme Court has previously declared:
“[LJocal legislation reflecting responses to local needs may be enacted. It is only when those local needs already have been responded to by general legislation *391 that § 105 of our state Constitution prohibits special treatment by local law.”
Peddycoart v. City of Birmingham, 354 So.2d 808, 815 (Ala.1978).
“It is not the broad, overall subject matter which is looked to in determining whether the local act, taken together with the general law, is violative of § 105; rather, it is whether the object of the local law is to accomplish an end not substantially provided for and effectuated by a general law.” Drummond Co. v. Boswell, 346 So.2d 955, 958 (Ala.1977).
In the absence of a specific statute authorizing or directing the county commission to set and declare classifications of employment, salary ranges, and sick leave benefits, we cannot say that this Act does not have a sphere of operation separate and apart from that of the general law. Various personnel boards have been created and are operating throughout the state. See Acts No. 528 (1949) and No. 248 (1945), creating county personnel systems for Mobile and Jefferson Counties; and Act No. 82-206 creating a county personnel board for Marshall County.
In a prior case with facts somewhat similar to the facts of the instant case, the Marshall County Commission requested a declaratory judgment holding that its county personnel board “acted outside its legislatively delegated authority by authorizing maximum and minimum pay scales which increased employee salaries beyond Marshall County’s ability to pay.” Marshall County Personnel Board v. Marshall County, 507 So.2d 954, 956 (Ala.Civ.App. 1987). The Commission also complained that the personnel board should have consulted with it before adopting new wage scales so that the Commission could ascertain whether the county could afford to pay the increased salaries. This court stated:
“The express language of the act, therefore, delegates to the Personnel Board, not the department heads and elected officials of Marshall County, the decision-making authority regarding the salaries of county employees.”
Marshall County Personnel Board, supra at 957.
Furthermore, in Marshall County, the Act expressly required that county employees be paid only those amounts approved by the Board. This court noted further that the Marshall County Commission appeared to be contending that the court should vest the Commission with veto power over the personnel board’s maximum-minimum wage scale decisions. We refused to so hold. Marshall County Personnel Board, supra. This court upheld both the authority of the county personnel board to set county wage scales and the duty of the county commission to abide by those scales.
The Act in question, likewise, directs the Board to set salary ranges for county law enforcement employees, but does not require the Board to submit the wage scales to the Commission on or by any certain date. While it is certainly preferable, the same is not required, and the Commission may not use its budgeting authority under the Budget Control Act to avoid its responsibility to implement the Board’s wage scale. Hale v. Randolph County Commission, 423 So.2d 893 (Ala. Civ.App.1982). “The Budget Control Act does not give the county commission blanket authority to refuse to pay salaries mandated by the legislature.” Hale, supra at 895. Further, the Commission cannot use the Budget Control Act to shield or ward off its legal responsibilities. Shelby County Commission v. Smith, 372 So.2d 1092 (Ala.1979). As we noted in Marshall County, it is perhaps the legislature from which the Commission should seek relief, not the courts.
We are mindful of the concerns of the Commission that it may not have the funds to fully implement the wage scales mandated by the Board; however, the Commission retains the authority and power to establish the county budget, including the total amount of county money that should be allocated to the sheriff’s department. If the Commission cannot allocate enough money to the sheriff’s department to fund the wage scales provided by the Board, then the sheriff may have to reduce certain positions within his department or *392 do without certain equipment and supplies. Only the Commission determines how much of the county budget should be allocated for law enforcement purposes. For the above-stated reasons, we find that the act in question is not violative of § 105.
Shelby County also asserts that the Act is violative of § 104(14) in that the Act provides that violation of its provisions shall be punishable as a misdemeanor. In view of the fact that no attempts have been made to prosecute anyone for violation of the Act, and in view of the fact that the Commission is abiding by the Board’s wage scale during the pendency of this appeal, the question of a § 104 violation is moot. Arrington v. State ex rel. Parsons, 422 So.2d 759 (Ala.1982).
As to Smitherman's request for payment of sick leave benefits, the parties seem to contend that the trial court issued a ruling on the merits in favor of Smitherman’s counterclaim; however, a careful reading of the trial court’s order reflects that the trial court merely denied the Commission’s motion to sever Smitherman’s counterclaim, but rendered judgment in favor of Smitherman as a co-defendant with regard to the constitutionality of the Act concerned. This is apparent inasmuch as no Rule 54(b) judgment would have been necessary had all issues been resolved as to all parties by virtue of the trial court’s order. The issue of Smitherman’s request for payment of sick leave benefits remains to be adjudicated. Accordingly, the trial court’s order is affirmed in all aspects.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J„ concur.