THIGPEN, Judge.
This appeal involves a judgment for unpaid insurance premiums.
The record reveals that American Resources Insurance Company (American) contracted with Birmingham Coal & Coke Company, Inc. (Birmingham Coal), by and through an insurance broker, for the issuance of its policies of insurance for workmen’s compensation, general liability, and extended coverage.
An estimated premium was determined in accordance with the terms of the policies; nevertheless, the final premium was to be determined by a “retrospective audit” of Birmingham Coal’s payroll records to determine ■the extent of the coverage. The audit was performed by an independent agency which specializes in examining such records and determining the number of employees, level of exposure, etc. Upon receiving the final bill, Birmingham Coal contested the inclusion of certain firms and persons as its employees, contending that they were independent contractors and not employees of Birmingham Coal. Additional adjustments were made to the audit; however, the final audit resulted in a total premium claimed due in the amount of $9,336.
Upon Birmingham Coal’s refusal to pay, American sued, and following ore tenus proceedings, the trial court entered judgment in favor of American and against Birmingham Coal in the amount claimed, together with costs. Hence, this appeal.
Birmingham Coal asserts that its only issue on appeal is whether an insurance carrier may charge its insured a premium based upon payments made to persons, firms, or corporations who or which received money from the insured during the policy, but who or which were not employees of the insured.
Birmingham Coal’s brief fails to comply with Rule 28, AR.App.P. Birmingham Coal fails to cite any authority supporting its argument. The only authority cited is merely cited as an example of what Birmingham Coal contends are the inconsistencies which insurance companies argue regarding whether one is an employee or an independent contractor for premium purposes. Birmingham Coal presents no case law as support for its contentions of error by the trial court. The single case cited has little or no rele- *422 vanee to the issue Birmingham Coal attempts to raise on appeal. Birmingham Coal’s failure to cite any authority forces American to speculate as to its citation of authority and argument. Such is the result in the instant case. Consequently, we find that Birmingham Coal has failed to substantially comply with the mandates of Rule 28, A.R.App.R. See Thomason v. Redd, 565 So.2d 259 (Ala. Civ.App.1990); Connerly v. Connerly, 523 So.2d 461 (Ala.Civ.App.1988); and Barnhill v. Barnhill, 516 So.2d 725 (Ala.Civ.App.1987).
This court will address on appeal only those issues presented and for which supporting authorities have been cited to this court. Simonton v. Carroll, 512 So.2d 1384 (Ala.Civ.App.1987); Sanders v. Sanders, 477 So.2d 462 (Ala.Civ.App.1985). Birmingham Coal’s failure to comply with Rule 28, A.R.App.P., provides nothing to review on appeal.. That failure places it in a perilous position, precluding consideration of the issues. Steeley v. Dunivant, 522 So.2d 299 (Ala.Civ.App.1988). We therefore affirm the judgment of the trial court. Moats v. Moats, 585 So.2d 1386 (Ala.Civ.App.1991).
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.