McRAE, Justice,
dissenting:
The majority finds that the jury instructions in both cases were “hopelessly muddled.” If the juries were so inadequately instructed, why not simply reverse and remand for new trials? Instead, the majority has assumed the role of thirteenth juror and muddled the mandates of cases they claim were already fraught with error in the courts below.
We do not review jury instructions in isolation, rather, we read them as a whole to determine whether a jury was properly instructed. Payne v. Rain Forest Nurseries, Inc., 540 So.2d 85, 40 (Miss.1989). “Imperfections in particular instructions do not require reversal where all seen together fairly announce the primary rules applicable to the case.” Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1157 (Miss.1992); Purina Mills, Inc. v. Moak, 575 So.2d 993, 996 (Miss.1990). Though unartfully drawn, the instructions in both cases fairly spell out the applicable elements of liability an(i damages to be considered by the juries. Likewise, there is evidence in the record to support the juries’ findings — as to both liability and damages. The juries appeared to have applied the “before and after rule” articulated by the defendants’ instructions and supported by the evidence. At the very least, the cases should be remanded for new trials, not reversed and rendered. I, however, would leave the jury verdicts undisturbed and affirm the decisions in both cases.
DAN M. LEE, P.J., joins this opinion.