HOLMES, Judge.
The plaintiff ex-wife sued the defendant ex-husband, alleging that the defendant “unlawfully seized, detained, and converted” certain property of the plaintiff’s. The plaintiff sought monetary damages and, apparently, the return of certain personal property.
After an ore terms hearing, the trial judge entered a judgment in favor of the plaintiff, requiring the defendant to return certain property, and further entered a judgment in favor of plaintiff in the amount of $500.
The plaintiff appeals and we determine the dispositive issue to be whether the judgment is supported by the evidence. We find the judgment to be amply supported by the evidence and affirm.
The plaintiff apparently contends on appeal that she should have received additional personal property and/or a larger monetary award.
We deem it neither necessary nor prudent to set out in detail the facts. The following is sufficient.
The parties were divorced in 1976 after an eight-month marriage. The parties entered into an agreement regarding personal property. The plaintiff was to receive certain personal property. Approximately five years after the divorce, the plaintiff sent a truck for “her” property.
The basis of her lawsuit, as indicated above, was that she did not receive the property she was entitled to receive and, additionally, that she was entitled to damages.
The evidence regarding the basis of the lawsuit was in conflict. The trial court resolved the conflict and took the action as indicated above.
Where a trial is presented before the trial court and the evidence conflicts, the customary presumption applies as to the correctness of the trial court’s findings of fact; and the reviewing court is not authorized to substitute its judgment for that of the trial court unless it is palpably wrong, not supported by the evidence, or manifestly unjust. Tucker v. Tucker, 403 So.2d 273 (Ala.Civ.App.1981); 2B Ala. Digest, Appeal & Error, Key No. 1011.1(7) (1982).
In this instance the trial court’s action is clearly supported by the evidence and is not palpably wrong or manifestly unjust.
*838 This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.