This is a child custody case.
Randall Simonton and Melissa (Simonton) Carroll were married on May 25, 1983. Melissa gave birth to the couple's son the following December. The child, a boy named Todd, is the child around whom this litigation is centered.
Shortly after the birth of the child, Randall and Melissa voluntarily relinquished custody to Mr. Simonton's parents. On January 27, 1984 the Elmore County District Court entered an order which placed the child in the custody of Mr. and Mrs. Dick Simonton, the child's paternal grandparents.
Randall and Melissa (hereinafter referred to as Mrs. Carroll) were divorced on August 15, 1985. In August 1986 Mrs. Carroll married her present husband, Mr. Mike Carroll. Approximately two months after Mrs. Carroll's second marriage, she and Mr. Carroll filed a petition seeking to regain custody of the child from Mr. and Mrs. Simonton.
On October 23, 1986 a hearing was held on Mr. and Mrs. Carroll's petition to regain custody. The trial court, after hearing all of the evidence, took the case under advisement and subsequently entered an order granting custody to Mr. and Mrs. Carroll.
The Simontons now appeal from this order and contend that the trial court erred in awarding custody of the child to Mr. and Mrs. Carroll. The Simontons also assert that the trial court erred in refusing to grant their motion for a new trial or, in the alternative, their motion to alter or amend the judgment.
As a general rule, once a natural parent voluntarily relinquishes custody of his or her minor child, that parent must prove that a change of custody will materially promote the child's best interests and welfare and that the benefits of the proposed *Page 1386 
change in custody outweigh the disruptive effect of a transfer of custody. See, Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
In the present case the natural mother agreed to relinquish custody of the minor child because, at the time of the child's birth, she felt that she and her husband were unable to adequately care for the child due to their immaturity and meager income. Since the date upon which she relinquished custody, however, Mrs. Carroll has remarried a man who appears from the record to be on a relatively sound financial footing and who also seems ready to provide and care for the minor child.
On the other hand, the record reveals that the Simontons both work and have limited time to personally care for the minor child. Additionally, the record indicates that at least six other persons now live in the Simontons' household, including Mrs. Simonton's mother, the Simontons' two sons, the Simontons' unwed daughter and her baby, and the minor child who is the center of this litigation. The testimony also reveals that if given custody Mrs. Carroll intends to remain at home and devote her full energies to raising the minor child.
In reviewing the judgment of a trial court which heard the evidence and decided the relevant factual issues, this court will not substitute its judgment for that of the trial court.See, Roden v. Roden, 466 So.2d 142 (Ala.Civ.App. 1985). Additionally, this court will reverse a trial court sitting without a jury only when our review of the record reveals that the trial court's judgment is either palpably wrong, manifestly unjust, or totally unsupported by the evidence. See, Stewart v.Meadow, 456 So.2d 836 (Ala.Civ.App. 1984).
We have carefully reviewed the record and the trial transcript in the present case. Based upon our review of the record, however, we are unable to say that the trial court's judgment regarding custody is palpably wrong. Roden v. Roden,supra.
The Simontons also allege that the trial court erred in refusing to grant their motion for a new trial or, in the alternative, their motion to alter or amend the judgment. Our review of the Simontons' brief indicates that they failed to cite any authority in support of their argument that their motion for a new trial or their motion to alter or amend the judgment should have been granted. Where a party fails to cite cases in support of the arguments set forth in his or her brief, the Alabama Court of Civil Appeals will not address the merits of those arguments. See, Sanders v. Sanders,477 So.2d 462 (Ala.Civ.App. 1985). We, therefore, refuse to address the merits of this argument.
For the reasons set forth above, the decision of the trial court with respect to the change in custody and with respect to the denial of the Simontons' motion for a new trial and/or their motion to alter or amend the judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.