This case comes to us on a petition for writ of mandamus.
Specifically, petitioner requests that we issue a writ directing the judge in this case to set aside a discovery order which requires petitioner to produce a report prepared by an expert retained by it.
The facts underlying this discovery dispute are as follows. Respondent, an employee of petitioner, was allegedly injured on the job on July 3, 1987. Respondent was then removed from work by a physician, and petitioner retained a vocational rehabilitation consultant to examine respondent.
The consultant did examine respondent on February 14, 1989. On April 27, 1989, respondent filed a complaint requesting workmen's compensation benefits.
On July 17, 1989, respondent noticed the deposition of the consultant and also requested a copy of her report. Petitioner, upon receiving said notice, filed a motion to quash the notice of the deposition. The trial court denied the motion to quash and ordered that the consultant's report be produced.
Pursuant to Rule 26, Alabama Rules of Civil Procedure, a trial court is given authority to either limit or restrict discovery, and once the trial court chooses to so limit or restrict, its action will be liberally and broadly construed.Morgan v. Morgan, 402 So.2d 984 (Ala.Civ.App.), cert. denied,402 So.2d 990 (Ala. 1981). This court will not, therefore, reverse unless it appears the trial court abused its discretion. *Page 315 Morgan. We note that a finding of an abuse of discretion by the trial court in granting discovery requests is rarely found.McTier v. Rollins Protective Services, Inc., 414 So.2d 460
(Ala. 1982). However, mandamus is the correct vehicle for reviewing whether the court did abuse its discretion in compelling discovery. Sterling v. Sargent Industries, Inc.,466 So.2d 961 (Ala. 1985).
Petitioner asserts that evaluations of an injured employee prepared by a vocational rehabilitation expert are materials "prepared in anticipation of litigation." Consequently, petitioner maintains that Rule 26(b)(3), A.R.Civ.P., requires a showing by employee that he has "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."
Although not considered in the context of a workmen's compensation case, our supreme court has previously been asked to decide what the phrase "prepared in anticipation of litigation" means. Ex parte State Farm Mutual Auto. InsuranceCo., 386 So.2d 1133, 1135 (Ala. 1980).
In that case, the court held that whether an expert was retained in "anticipation of litigation" is a question to be determined from the facts of the case. Specifically, the court said "[e]ach case must sit on its own bottom." Ex parte StateFarm, supra.
Here, petitioner retained the consultant months prior to respondent's filing his claim. Likewise, the consultant's actual examination of the respondent took place prior to the complaint being filed. The consultant's affidavit stated that she was retained for the purpose of issuing an opinion on respondent and that it was petitioner's workmen compensation insurance carrier who contacted her. We find this evidence insufficient to adequately support petitioner's contention that the consultant was retained "in anticipation of litigation," which would support the issuance of a writ of mandamus. Further, for us to grant the writ, credible allegations, ironclad in nature, must exist, which show that the law binds the trial judge to do what the petitioner has requested. Exparte Hill, 508 So.2d 269 (Ala.Civ.App. 1987).
As stated previously, mandamus is rarely issued to prohibit discovery due to the judicial discretion reflected in discovery orders. Ex parte Dorsey Trailers, Inc., 397 So.2d 98
(Ala. 1981).
Therefore, the writ is denied.
WRIT DENIED.
INGRAM, P.J., and RUSSELL, J., concur.