After an ore tenus proceeding, the trial court divorced the parties. The husband appeals.
The husband, pro se, filed a brief before this court, contending that the trial court committed numerous errors. However, the brief, in all respects, fails to comply with A.R.App.P., Rule 28.
In his original brief, there is no table of cases, statutes, or other authorities cited. There is no statement of the case or statement of the facts. Most importantly, there is no citation to any authority which would support any of the alleged errors claimed by the husband to have been committed by the trial court. The brief is totally devoid of any statements of law applied to any alleged error on the part of the trial court.
We do note that the husband has filed a reply brief, which corrects some of the deficiencies of the original brief. However, the husband appears to have raised additional issues not raised in the original brief. Additionally, the brief still fails to apply any law to any alleged error of the trial court.
This court has stated on many occasions that a party who fails to comply with Rule 28 places himself in a perilous position. Stover v. Alabama Farm Bureau Insurance Co.,467 So.2d 251 (Ala. 1985). In such a situation, this court may dismiss the appeal pursuant to A.R.App.P., Rule 2. Alternatively, we may simply affirm the judgment of the trial court. Cummins v. Slayton, 545 So.2d 783 (Ala.Civ.App. 1989). After a review of the husband's brief, as well as the record on appeal, we choose to affirm the judgment of the trial court.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.