This case involves a suit to enforce a promissory note. The trial court entered a judgment against the Locketts and they appeal.
Curtis Lockett, pro se, filed a brief before this court, contending that the trial court committed numerous errors. However, that brief, in numerous respects, fails to comply with Rule 28, A.R.App.P. Although his brief appears to present a number of issues on appeal, he fails to cite any authority supporting his arguments. Lockett cites several rules in his brief, which concern only general propositions of law and which are not cited in such a way as to support Lockett's contentions of error on appeal. Furthermore, Lockett presents no case law as support for his contentions of error by the trial court. The only authorities cited by Lockett are procedural rules which have little or no relevance to the issues he attempts to raise on appeal. Consequently, we find that Lockett has failed to substantially comply with the mandates of Rule 28, A.R.App.P. See Thomason v. Redd, 565 So.2d 259 (Ala.Civ.App. 1990);Connerly v. Connerly, 523 So.2d 461 (Ala.Civ.App. 1988); andBarnhill v. Barnhill, 516 So.2d 725 (Ala.Civ.App. 1987). This court will address on appeal only those issues presented and for which supporting authorities have been cited to the court.Simonton v. Carroll, 512 So.2d 1384 (Ala.Civ.App. 1987);Sanders v. Sanders, 477 So.2d 462 (Ala.Civ.App. 1985).
A party acting pro se must comply with legal procedure and court rules and may not avoid the effect of the rules due to unfamiliarity. Hines v. City of Mobile, 480 So.2d 1203 (Ala. 1985); Hubbard v. Montgomery, 372 So.2d 315 (Ala. 1979). Rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel. Bowman v. Pat's Auto Parts, 504 So.2d 736
(Ala.Civ.App. 1987). In view of Lockett's failure to substantially comply with the rules, we pretermit a discussion of the issues he attempts to raise in this case. It is not the duty nor the function of an appellate court to perform one's legal research.Lokey v. State Department of Industrial Relations,527 So.2d 1327 (Ala.Civ.App. 1988).
Lockett's failure to comply with Rule 28, A.R.App.P., provides nothing to review on appeal. That failure places him in a perilous position, precluding consideration of the issues.Steeley v. Dunivant, *Page 891 522 So.2d 299 (Ala.Civ.App. 1988). We, therefore, affirm the judgment of the trial court. Moats v. Moats, 585 So.2d 1386
(Ala.Civ.App. 1991).
AFFIRMED.
All the Judges concur.