From the scant record on appeal, it appears that this action was initiated in district court by Elizabeth Hoover d/b/a Advance Printing Company (Advance) against Legal Systems, Inc. (Systems). Advance alleged it was owed for a printing contract with Systems. Systems answered and filed a counterclaim alleging that Advance failed to perform in the manner agreed. Following a hearing, the counterclaim by Systems was denied and Advance received a judgment against Systems, which Systems appealed to circuit court.
In the circuit court action, Systems filed a motion to compel Advance to produce certain documents and answer certain interrogatories. Advance filed an objection to discovery, alleging, inter alia, that "all relevant documents and information was disclosed at [the district court] trial."
The case action summary sheet indicates that the motion to compel was granted on June 8, 1992, and that the case was set for trial on July 27, 1992, and then continued to July 29. On July 23, Systems filed a motion seeking sanctions against Advance for failure to produce the documents. The case action summary reveals that this motion was heard on July 27 and denied on July 29, 1992. Ultimately, on August 7, 1992, judgment was entered against Systems for $2,392.34, plus interest and costs. Systems appeals.
It is difficult to determine from its brief what error Systems asserts. Systems may be contending that the court erred in denying a new trial; however, the meager record on appeal is completely devoid of any indication that Systems requested a new trial, and the record does not contain anything to reveal that the trial court considered and ruled on such a motion.
It is well established that an appellate court will not "put a trial court in error for failure to rule on a matter which, according to the record, was not presented to nor decided by it." Bevill v. Owen, 364 So.2d 1201, 1203 (Ala. 1979). See alsoSea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212 (Ala. 1990).
Systems may be arguing that the trial court erred in denying its motions for sanctions against Advance. The only authority cited by Systems in its brief is Ex parte Sullivan,567 So.2d 314 (Ala.Civ.App. 1990). That case provides general propositions of law and instructions for requesting appellate review of matters concerning discovery rulings by the trial court; however, it offers nothing to support this argument.
Although the case action summary sheet indicates hearings in this matter, the record contains no transcript of any hearings, nor does it appear that Systems attempted to provide an evidentiary statement for review on appeal in compliance with Rule 10, A.R.App.P. Clearly, at the hearings in this case the court heard oral testimony that is not a part of the record on appeal. It is well established that when a trial court order is based on evidence that is not before the appellate court, we are required to conclusively presume that the trial court's judgment is supported by that evidence. Mitchell v. Mitchell,506 So.2d 1009 (Ala.Civ.App. 1987). In the absence of opportunity to examine the evidence presented to the trial court, we are bound to presume that the judgment of the court was supported by the law and by the evidence presented to it.Rudolph v. Rudolph, 586 So.2d 929 (Ala.Civ.App. 1991).
The brief filed by Systems totally fails to comply with Rule 28, A.R.App.P. Lockett v. A.L. Sandlin Lumber Co.,588 So.2d 889 (Ala.Civ.App. 1991). That failure places Systems in a perilous position, and the deficiencies preclude further consideration of this appeal. Appellate review is limited to those issues presented and for which supporting authorities have been cited. Simonton v. Carroll, 512 So.2d 1384
(Ala.Civ.App. 1987). When an appellant fails to argue an issue in its brief, that issue is waived and cannot be considered on appeal.Boshell v. Keith, 418 So.2d 89 *Page 932 
(Ala. 1982). Inapplicable general propositions are not authority to support contentions. Thomason v. Redd,565 So.2d 259 (Ala.Civ.App. 1990). It is not the duty nor function of an appellate court to perform a party's legal research. Lokeyv. State Department of Industrial Relations, 527 So.2d 1327
(Ala.Civ.App. 1988). Systems provides no supportive authority and gives us nothing to review on appeal.
We are allowed to dismiss this appeal pursuant to Rule 2, A.R.App.P. Alternatively, we may affirm the judgment of the trial court. Cummins v. Slayton, 545 So.2d 783 (Ala.Civ.App. 1989). Therefore, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.