THIGPEN, Judge.
In June 1993, John Reams and Lasonia Cleveland filed a complaint against K-Mart Corporation and others (all referred to here *611 in as K-Mart), alleging that K-Mart had, among other things, failed to provide a reasonably safe environment to shop. Reams and Cleveland alleged that they were injured during an assault and battery committed in K-Mart’s parking lot. Reams stated that he suffered a criminal attack as he attempted to “extricate” .Cleveland, a K-Mart employee, from an attack by Joseph Simone Alston. K-Mart answered, denying the allegations and asserting several affirmative defenses, including contributory negligence and assumption of the risk.
Ultimately, in June 1995, the trial court entered a summary judgment in favor of K-Mart, and Reams, acting pro se, appeals. The case was transferred to this court pursuant to Ala.Code 1975, § 12-2-7.
Reams’s brief fails to comply with Rule 28, A.R.App.P., in numerous respects. He fails to present any issue, he fails to properly argue any issue, and he fails to cite any legal authority. Appellate courts “cannot, based on undelineated propositions, create legal arguments for the appellant.” McLemore v. Fleming, 604 So.2d 358, 353 (Ala.1992). This court is not unsympathetic to a pro se litigant; however, the rules governing the operation of the courts are no more forgiving to a pro se litigant than to one represented by counsel. S.D. Bowman v. Pat’s Auto Parts, 504 So.2d 736 (Ala.Civ.App.1987). Reams’s failure to comply with the rules places him in a perilous position and provides this court with nothing to review on appeal. We may dismiss the appeal pursuant to Rule 2(a)(2)(D), A.R.App.P., or, alternatively, we may affirm the judgment of the trial court. Moats v. Moats, 585 So.2d 1386 (Ala.Civ.App.1991). The Supreme Court, before transferring this appeal to this court, notified Reams that failure to strictly comply with the appellate rules could result in the dismissal of his appeal.
APPEAL DISMISSED.
ROBERTSON, P. J., and YATES, MONROE, and CRAWLEY, JJ., concur.