Julia McCain Lampkin Asam appeals from a summary judgment in favor of Wanda D. Devereaux, individually and in her official capacity as the chairman of the disciplinary board of the Alabama State Bar Association. Asam's complaint contained allegations regarding the tort of outrage, violation of the Americans with Disabilities Act (ADA), and various due process and civil rights violations. Asam sought $50 million in damages. Inter alia, Asam contended that Devereaux had failed to give proper notice of a disciplinary hearing, that Devereaux had acted outrageously by not allowing Asam to conduct discovery for that hearing, that Devereaux had violated the ADA by failing to grant Asam's requested continuance, and that Devereaux had acted negligently and wantonly by failing to verify the truth of allegations made against Asam by the Alabama State Bar Association.
Following a hearing, the trial court granted Devereaux's motion for a summary judgment and entered its order, containing the following pertinent language:
 "On May 23, 1995, this Court conducted a hearing attended by the Plaintiff, Julia McCain Lampkin Asam, who appeared pro se, and the Defendant, Wanda D. Devereaux, was represented by David B. Byrne, Jr. and J. Anthony McLain. The Court has carefully reviewed [Devereaux]'s motion for Summary Judgment and [Asam]'s responses thereto, including all attachments, and has again reviewed the Court's notes made during the argument presented in Open Court. Upon consideration of the motion for Summary Judgment, the responses thereto, and the argument of counsel, the Court enters the following Findings and Order:
 "1. On or about February 21, 1995, [Asam] filed a Complaint seeking $50 million in damages against [Devereaux], officially in her capacity as Chairman of the Disciplinary Board, Panel I, and individually.
 "2. In essence, Plaintiff Asam contends that the Alabama State Bar filed false charges of incompetence against her without probable cause and without adequate notice of the charges against her. [Asam] further contends that the State Bar, through its disciplinary process, is pursuing charges against her for improper and political reasons.
 "3. The Court finds, and [Asam] candidly admitted during oral argument, that she is currently in the process of appealing her disbarment to the Supreme Court of Alabama, although she contends, to some extent, the Supreme Court will not fairly consider her case since the Alabama State Bar is an arm of the State Court.
 "4. The Court finds that the gravamen of [Asam]'s complaint is inextricably intertwined with her appeal to the Supreme Court of Alabama from her disbarment.
". . . .
 "7. In this case, [Asam]'s mere conclusory allegations and speculation that factual issues exist are not sufficient to defeat the Defendant Devereaux's properly supported summary judgment motion. See Riggs v. Bell, 564 So.2d 882, 884 (Ala. 1990).
 "8. The Court further finds that Defendant Devereaux is entitled to absolute and qualified immunity, both individually and *Page 1224 
in her official capacity, based upon Eleventh Amendment immunity, absolute immunity, and qualified immunity.
 "9. The Court finds that [Asam]'s complaint and supporting papers do not meet the stringent standard set by the Alabama Courts for the claimed tort of outrage. [Nabors] v. St. Paul Ins. Co., 489 So.2d 573, 574 (Ala. 1986).
 "10. Finally, the Court finds [that Asam's] complaint fails to state a cause of action under the Americans with Disabilities Act or § 504 of the Rehabilitation Act."
Asam's post-judgment motion was denied by operation of law; hence, this appeal. Asam's pro se appeal was transferred from our Supreme Court pursuant to Ala. Code 1975, § 12-2-7(6).
In her brief, Asam's attempts to raise several issues are chaotic and unintelligible. Her brief is filled with jumbled, unclear, disorganized, and incoherent babblings interspersed with occasional legal terminology and misspelled words. Her brief and other filings contain an array of unsupported allegations and a plethora of unrelated and irrelevant photocopies of documents, including photocopies of news articles, Asam's campaign literature, and some of her medical records. Although she cites numerous legal authorities in her brief, those general authorities simply do not support her disjointed contentions. Rule 28, A.R.App.P. Inapplicable general propositions are not supporting authority, and an appellate court has no duty to perform a litigant's legal research. Legal Systems, Inc. v. Hoover, 619 So.2d 930
(Ala.Civ.App. 1993); Lockett v. A.L. Sandlin Lumber Co.,588 So.2d 889 (Ala.Civ.App. 1991); and Moats v. Moats, 585 So.2d 1386
(Ala.Civ.App. 1991). Similarly, appellate courts do not, "based on undelineated propositions, create legal arguments for the appellant." McLemore v. Fleming, 604 So.2d 353, 353 (Ala. 1992). This court will address only those issues properly presented and for which supporting authority has been cited.Simonton v. Carroll, 512 So.2d 1384 (Ala.Civ.App. 1987).
Asam's failure to properly raise or argue issues places her in a perilous position on appeal because she has provided nothing suitable for appellate review. Her brief fails to comply with Rule 28, A.R.App.P., in numerous aspects. She fails to properly present any issue, she fails to properly argue any issue, and she fails to cite any supporting authority. Although her brief contains vague references to legal authority, she fails to indicate how that authority supports her position, and she fails to provide any indication as to how the trial court erred. Asam does not argue that she presented substantial evidence in opposition to Devereaux's summary judgment motion, nor is there any evidence in the record indicating that the summary judgment was improper.
When an appellant fails to properly argue an issue, that issue is waived and will not be considered. Boshell v. Keith,418 So.2d 89 (Ala. 1982). This court is not unsympathetic to a pro se litigant; however, the rules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel. Bowman v. Pat'sAuto Parts, 504 So.2d 736 (Ala.Civ.App. 1987). Thus, a party acting pro se must comply with legal procedure and court rules and may not avoid the effect of the rules because of unfamiliarity. See Hines v. City of Mobile, 480 So.2d 1203
(Ala. 1985). In view of Asam's failure to substantially comply with the rules, we pretermit a discussion of any issue she attempted to raise.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result only.