THOMAS, Judge.
R.B.S. (“the former wife”) appeals from the judgment of the Baldwin Circuit Court enforcing a settlement agreement between the former wife and K.M.S. (“the former husband”). We affirm.

Facts and Procedural History

In 2002, the former husband petitioned the trial court for a divorce. The former husband also‘filed a motion for temporary custody of the parties’ two minor children (“the children”) and for a restraining order preventing the former wife from having any contact with the former husband or the children. The trial court granted the former husband’s motion for temporary custody and entered a temporary restraining order against the former wife. The former wife then moved the trial court for temporary custody of the children, child support, and pendente lite alimony; the former wife also moved the trial court to grant her exclusive possession of the parties’ Ono Island home. The former wife then answered the former husband’s complaint and counterclaimed, requesting custody of the children, child support, an equitable division of the parties’ assets and debts, alimony, and an attorney fee. The trial court entered an order that, among other things, granted the parties joint legal custody of the children, with the former husband having temporary physical custody of the younger child and the parties having joint physical custody of the older child, modified the temporary restraining order insofar as it conflicted with the trial court’s order, and ordered the former husband to pay to wife $1,000 per month in pendente lite alimony.
In October 2004, the parties entered into a- settlement agreement. The settlement agreement was read into the record in open court. The settlement agreement contained several provisions relating to the parties’ Ono Island home and an Internal Revenue Service (“IRS”) tax lien (“the tax lien”) on the Ono Island home. The settlement agreement provided that the former wife would receive all right, title, and interest in the Ono Island home and that the former husband would waive all claims to the home. The settlement agreement also provided that the tax lien on the Ono Island home had been incurred solely by the former husband, that the former husband would cooperate with the former wife’s efforts to discharge the tax lien, and that the former husband would agree to be solely responsible for the tax lien and to indemnify and hold the former wife harmless from the tax lien. The settlement agreement further provided that the “parties stipulate and agree that this settlement agreement is primarily based upon the discharge of the [tax] lien against the Ono [Island home.] If said discharge is not accomplished the parties are not bound by the terms of this agreement.” In return for the Ono Island home, the former wife gave up any rights to alimony, the former husband’s retirement accounts, and any other property. The parties agreed that the agreement, as read into the rec *799 ord, accurately reflected the settlement reached between the parties.
In 2004, the former husband arranged to refinance the Ono Island home so that he could use the proceeds to pay off the tax lien. When the wife arrived for the closing, she noticed that she was also listed as an obligor on the mortgage; the former husband should have been solely obligated to repay the mortgage. The former wife refused to sign the mortgage note and left the closing. Richard Shields, the attorney who was then representing the former husband, testified that the mortgage had been intended to be only in the former husband’s name and that the former wife’s name was removed from the mortgage documents. As a result of the former’s wife’s refusal to sign the documents at the closing, the refinancing of the Ono Island home was never completed. The IRS then began collection efforts on the tax lien.
The former husband alleged that in August 2008 the parties agreed to settle the tax lien in a federal-court action. The tax-lien settlement provided that the Ono Island home would be sold and the proceeds from the sale would be used to satisfy the tax lien. The federal court, in December 2008, granted the former husband’s motion to enforce the tax-lien settlement and, in January 2009, ordered that the Ono Island home be sold.
The former wife moved the trial court for an increase in pendente lite alimony on October 27, 2008; the former wife also moved the trial court to compel discovery. On March 11, 2009, the former husband moved the trial court to enforce the settlement agreement and to enter a judgment divorcing the parties. The former husband alleged in his motion that the settlement agreement had been contingent on the discharge of the tax lien on the Ono Island home, that an agreement with the IRS relating to the tax lien had been reached, and that the tax lien had now been resolved.
On August 12, 2009, the trial court held a hearing on the former husband’s motion to enforce the settlement agreement and the wife’s motions to compel discovery and for increased pendente lite alimony. The parties agreed that if the trial court granted the former husband’s motion to enforce the settlement agreement, then the former wife’s motions would both become moot, as the case would be resolved. Following the hearing, the trial court entered a judgment on August 12, 2009, enforcing the settlement agreement and divorcing the parties. The trial court determined in its judgment that the former wife had failed to cooperate with the former husband’s efforts to discharge the tax lien; therefore, the former wife had been at fault for the former husband’s failure to discharge the tax lien. As a result, the trial court determined that, even though the former wife had lost the benefit she was to receive under the settlement agreement, the former wife could not use the former husband’s failure to discharge the tax lien to prevent the enforcement of the settlement agreement. The former wife subsequently filed a post-judgment motion, pursuant to Rule 59(e), Ala. R. Civ. P. The trial court denied the former wife’s postjudgment motion, and the former wife appealed to this court.

Analysis

The former wife first argues that the trial court erred when it enforced the settlement agreement because, she argues, the enforcement of the settlement agreement was contingent upon the former husband’s discharge of the tax lien on the parties’ Ono Island home. The settlement agreement provided that “[t]he parties stipulate and agree that this settlement agreement is primarily based upon the discharge of the IRS lien against the Ono [Island] property. If said discharge is not *800 accomplished the parties are not bound by the terms of this agreement.” However, the trial court did not determine that the discharge of the tax lien was not a condition precedent to the enforcement of the settlement agreement. Instead, in the trial court’s August 19, 2009, judgment, the trial court determined that the former husband had met his obligation to discharge the tax lien by arranging to refinance the Ono Island home and to then satisfy the tax lien with the proceeds. The trial court further determined that the former wife refused to cooperate with the former husband’s attempt to discharge the tax lien. The trial court then stated:
“The Court is of the opinion that a party to a settlement agreement cannot evade the terms of the settlement agreement by refusing to cooperate in accomplishing the terms of the settlement. While [the former wife] may have lost the benefit of the bargain, she did so by her own actions and not through any fault of [the former husband].”
Thus, even assuming that the former wife is correct that the discharge of the tax lien is a condition precedent to the enforcement of the settlement agreement, to prevail on appeal the former wife would still need to challenge either the trial court’s conclusion that the wife was responsible for the nonoceurrence of the condition precedent or the trial court’s conclusion that the former wife’s responsibility for the nonoccurrence of the condition precedent precluded her from preventing the enforcement of the settlement agreement.
The former wife does not make any argument concerning the correctness of the trial court’s legal conclusion that the former wife’s fault for the nonoccurrence of the condition precedent precluded her from preventing the enforcement of the settlement agreement. “ ‘An argument not made on appeal is abandoned or waived.’ ” Muhammad v. Ford, 986 So.2d 1158, 1165 (Ala.2007) (quoting Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1124 n. 8 (Ala.2003)). Because the former wife has waived any legal argument on this issue, we need not further consider this issue.
The only challenge the former wife makes to the trial court’s factual finding that the former wife was at fault for the former husband’s failure to discharge the tax lien is a statement, without the support of any authority, that the settlement agreement did not require her to refinance the Ono Island home or to sign a mortgage. Because the wife’s argument is not supported by relevant authority, it does not meet the requirements of Rule 28(a)(10), Ala. R.App. P.
“Inapplicable general propositions are not supporting authority, and an appellate court has no duty to perform a litigant’s legal research. Legal Systems, Inc. v. Hoover, 619 So.2d 930 (Ala.Civ. App.1993); Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889 (Ala.Civ.App. 1991); and Moats v. Moats, 585 So.2d 1386 (Ala.Civ.App.1991). Similarly, appellate courts do not, ‘based on undeli-neated propositions, create legal arguments for the appellant.’ McLemore v. Fleming, 604 So.2d 353, 353 (Ala.1992). This court will address only those issues properly presented and for which supporting authority has been cited. Si-monton v. CaiToll, 512 So.2d 1384 (Ala. Civ.App.1987).”
Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996). Moreover, “[w]hen an appellant fails to properly argue an issue, that issue is waived and will not be considered.” Asam, 686 So.2d at 1224.
However, even if an appellant fails to comply with Rule 28(a)(10), this court may consider an argument if we can adequately discern the issue presented on appeal. *801 Thomcm Eng’rs, Inc. v. McDonald, 57 Ala. App. 287, 290, 328 So.2d 293, 295 (Civ.App. 1976) (explaining that, even when an appellant fails to comply with Rule 28(a)(10), an appellate court may consider an argument when the argument “has been raised in a manner which is fair to all concerned”). Because we can adequately discern the bases for the former wife’s arguments challenging the factual findings in the trial court’s judgment, we will consider the merits of those arguments on appeal.
The first of the former wife’s arguments challenging the trial court’s factual findings is her argument that the trial court incorrectly determined that she had failed to cooperate with a 2003 attempt to refinance the Ono Island home. Although there was an unsuccessful attempt to refinance the Ono Island home in 2003, it is clear from the testimony at the August 2009 hearing that the failed attempt at refinancing the Ono Island home at issue at the hearing, and referenced in the trial court’s judgment, occurred in 2004, not December 2003. Therefore, this argument does not properly challenge any of the factual findings in the trial court’s judgment and it cannot form the basis for this court to reverse the trial court.
The wife’s next argument challenging the trial court’s factual findings is that “[the former husband] was not required to refinance the Ono [Island] home in the settlement agreement. [The former wife] was not required to sign any mortgage in the settlement agreement, and for this reason there is no mention of this requirement in the settlement agreement at all.” It appears that the former wife is arguing that because the 2004 settlement agreement did not explicitly require the refinancing of the Ono Island home and because the terms of the 2004 settlement agreement were unambiguous, the parties could not present testimony regarding any oral agreement to alter its terms, because consideration of any such testimony by the trial court would violate the parol evidence rule. See Prattville Mem’l Chapel v. Parker, 10 So.3d 546, 561 (Ala.2008) (stating that “once contracts have been reduced to a writing and the parties have acknowledged that the writing represents the complete agreement between them, parol evidence of the negotiations will not be admitted to alter or contradict the writing”).
“However, in Alabama, parties ‘may try their case on evidence that would otherwise be inadmissible upon proper objection and ... where evidence violative of the parol evidence rule is admitted without objection, it may be considered and allowed such force and effect as its weight entitles it in construing the agreement of the parties.’ ”
Parker, 10 So.3d at 561 (quoting Alfa Mut. Ins. Co. v. Northington, 561 So.2d 1041, 1044 (Ala.1990)).
At the hearing, Shields testified that the parties had agreed to refinance the debt associated with the Ono Island home in order to resolve the tax lien, that the former husband had arranged for the refinancing of the debt associated with the Ono Island home, and that the former husband would have been solely responsible for the payment of the resulting mortgage. Shields and the former wife testified that the former wife had refused to complete the closing for the refinancing of the debt associated with the Ono Island home.
Because the former wife did not object to Shields’s testimony based on the parol evidence rule, she has waived that argument on appeal, and the trial court properly could have considered Shields’s testimony concerning the parties’ agreement to discharge the tax lien. Id. This testimony supports the trial court’s determination that the former wife thwarted the former *802 husband’s attempt to refinance the debt associated with the Ono Island home and, thus, prevented the discharge of the tax lien. Because the former wife did not raise an objection to Shields’s testimony based on the parol evidence rule and because that testimony supports the trial court’s determination that the former wife had been responsible for the failure of the former husband’s attempt to discharge the tax lien, we cannot agree that the trial court’s determination on that issue was plainly and palpably wrong.
The former wife next argues that the settlement agreement was procured through fraud. In support of her argument, the former wife alleges that her own attorney misled her regarding whether she could remain the beneficiary of a life-insurance policy or whether the beneficiary of the life-insurance policy had to be changed to the children. An action for fraud is cognizable when there are “[mjisrepresen-tations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party....” Ala. Code 1975, § 6-5-101. There is nothing in the record to suggest that the former wife raised this issue before the trial court, either in her pleadings, at trial, or in a postjudgment motion. It is well settled that “‘[tjhis Court cannot consider arguments advanced for the purpose of reversing the judgment of a trial court when those arguments were never presented to the trial court for consideration or were raised for the first time on appeal.’ ” Hal-ford v. Alamo Rent-A-Car, LLC, 921 So.2d 409, 416 (Ala 2005) (quoting State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 821 (Ala.2005), quoting in turn Crutcher v. Wendy’s of N. Alabama, Inc., 857 So.2d 82, 97 (Ala.2003)). Because the former wife failed to raise the issue of fraud before the trial court, she has not preserved this issue for our review.
The former wife further argues that the trial court erred when it failed to award her periodic alimony and when it failed to reserve the right to award periodic alimony in the future. However, as with her fraud argument, the former wife failed to raise this argument before the trial court or in her postjudgment motion.[1] Thus, the former wife’s argument is not preserved for appellate review, and we need not further consider this issue. See Halford, supra.
The former wife next makes a general argument that the trial court should have granted the divorce on fault grounds instead of on the ground of incompatibility of the parties. The former wife argues that because of the former husband’s alleged actions, she should have received some form of spousal support or she should have received a more favorable settlement. The former wife’s argument on this issue is not supported by any authority; therefore, it does not meet the requirements of Rule 28(a)(10), and we need not further consider it. See Asam, supra.
The former wife further argues that the trial court erred because neither the settlement agreement nor the judgment contains a provision addressing the former husband’s unpaid child support. The settlement agreement provides that the parties shall have joint legal and physical custody of the children and that neither party is to pay child support. The settle *803 ment agreement further states that the children may choose with which party they wish to live and that the children may determine how long they wish to live with either party. In addition, the record does not reflect the existence of any order requiring the former husband to pay child support. Because there is no evidence indicating that the former husband had ever been subject to a requirement to pay child support, we find no error on the part of the trial court for its failure to address past-due child support.
Finally, the former wife argues that the trial court erred in denying her various motions for an attorney fee.
“Whether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and, absent an abuse of that discretion, its ruling on that question will not be reversed. Thompson v. Thompson, 650 So.2d 928 (Ala.Civ.App.1994). ‘Factors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties’ conduct, the results of the litigation, and, where appropriate, the trial court’s knowledge and experience as to the value of the services performed by the attorney.’ Figures v. Figures, 624 So.2d 188,191 (Ala.Civ.App.1993).”
Glover v. Glover, 678 So.2d 174, 176 (Ala. Civ.App.1996). The former wife’s argument concerning the award of an attorney fee consists only of a statement of the above general proposition of law and a statement that “the factors to be considered by the trial court have been covered extensively in this brief.” Such an argument is not sufficient to invoke this court’s review.
“Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived. Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 923 (Ala.2002); Arrington v. Mathis, 929 So.2d 468, 470 n. 2 (Ala.Civ.App.2005); Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘This is so, because “ ‘it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undeli-neated general propositions not supported by sufficient authority or argument.’ ” ’ Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007) (quoting Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003), quoting in turn Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).”
White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008). Therefore, we need not further consider the former wife’s argument on this issue.

Conclusion

Because the former wife’s arguments are either waived, not preserved for our review, or are not supported by relevant authority, we affirm the judgment of the trial court.
AFFIRMED.
PITTMAN, J., concurs.
THOMPSON, P.J., and BRYAN, J., concur in the result, without writings.
MOORE, J., concurs in the result, with writing.

. In her motion for increased support, the former wife asked only for an increase in pendente lite support. *817 by the trial court. Ex parte Ryals, 773 So.2d 1011 (Ala.2000), citing Ex parte Wig-inton, 743 So.2d 1071 (Ala.1999), and Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala. 1988). This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment, Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458 (Ala.2002), or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant's evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element. Rector v. Better Houses, Inc., 820 So.2d 75, 80 (Ala.2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Kennedy v. Western Sizzlin Corp., 857 So.2d 71 (Ala.2003)).”
Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003). Therefore, we deny Helen’s motion to strike Jack's letter adopting the brief filed by the Chapel and the Bank.
Finally, the Chapel and the Bank move this court to strike the portion of Helen’s reply brief requesting us to strike the brief filed by the Chapel and the Bank. We deny that motion to strike as being moot.