MOORE, Judge.
David Michael Kleinatland (“the husband”) appeals from a judgment entered by the Baldwin Circuit Court (“the trial court”) divorcing him from Kimberly Mason Kleinatland (“the wife”). We affirm.

Procedural History

On March 5, 2014, the wife filed a complaint seeking a divorce from the husband. On April 7, 2014, the husband answered the complaint. On April 7, 2014, the trial court entered an order requiring, among other things, that the husband pay the wife’s automobile-insurance payment while the action was pending. After a trial, the trial court entered a judgment on August 6, 2015, divorcing the parties and, among other things, requiring the husband to pay the wife “an amount equal to one-half of the amount in his [Retirement Systems of Alabama] account as of the date of [the parties’] separation,” requiring the husband to pay the wife “$20,000 ... representing her one-half of the equity in the marital home,” and requiring the husband to pay “the [wife’s] car insurance [that was] due during the pendency of the divorce.” On August 12, 2015, the husband filed a postjudgment motion; that motion was denied on October 16, 2015. On October 28,2015, the husband filed his notice of appeal.

Discussion

I.

On appeal, the husband first argues that the trial court erred in awarding the wife one-half the value of his retirement account with the Employees’ Retirement System of Alabama (“the RSA”). The husband does not contest that the retirement account is marital property. He argues that the RSA retirement account cannot be equitably divided under Ala.Code 1975, § 36-27-28, which provides that benefits accrued or accruing to a person who is a member of the RSA are “exempt from any state or municipal tax and exempt from levy and sale, garnishment, attachment or any other process whatsoever and shall be unassignable.... ”
In Sockwell v. Sockwell, 822 So.2d 1219 (Ala.Civ.App.2001), this court addressed the application of Ala.Code 1975, § 16-25-23, a statute that is similar to § 36-27-28, but which addresses benefits accrued under the Teachers’ Retirement System of Alabama (“the TRS”). Section 16-25-23 provides that benefits accrued or accruing to a person who is a member of the TRS are similarly “exempt from any state or municipal tax and exempt from levy and sale, garnishment, attachment or any other process whatsoever, and shall be unassignable....” In Sockwell, this court, in an opinion authored by Judge Pittman in which the four other judges concurred in the result, held that, although the retirement account at issue could be considered in dividing the parties’ property, the trial *1206 court could not require the account to be liquidated.
The trial court in this case acknowledged § 36-27-28 by stating that the husband’s account with the RSA “cannot be split.” To comply with § 36-27-28, the trial court did not order that the retirement account be liquidated; instead, it ordered that the retirement account remain intact and that the husband pay the wife an amount equal to her equitable share of the account. When a component of the parties’ marital property cannot be actually divided, a trial court can order the spouse in whose name the property is vested to pay the other spouse the value of the latter’s equitable share of that marital property as alimony in gross. See Hager v. Hager, 293 Ala. 47, 54, 299 So.2d 743, 749 (1974) (“[A]n award in gross may also represent a division of the fruits of the marriage where liquidation of a couple’s jointly owned assets is not practicable.”). However, a trial court cannot “do indirectly what [a statute] prohibits it from doing directly.” Thompson v. Thompson, 532 So.2d 1027, 1028 (Ala.Civ.App.1988). In order for such an award to be equitable, the paying spouse should have the ability to pay the alimony in gross from other resources without undue hardship. See McCarron v. McCarron, 168 So.3d 68, 79-82 (Ala.Civ.App.2014).
On appeal, the husband generally asserts that the judgment violates § 36-27-28 because he “will be forced to withdraw a portion of his retirement proceeds from the account in order to satisfy the assignment by the trial court.” However, the husband does not provide the court with any citation to any evidence in the record to support that assertion. See Rule 28(a)(7), Ala. R.App. P. The husband’s appellate brief does not inform this court of the dollar value of the retirement account on the date of the parties’- separation so that the amount of money awarded to the wife can be determined. The husband also has not demonstrated that he cannot pay the alimony-in-gross award through some other means. Without those necessary details, this court cannot assume that the trial court, by awarding the wife alimony in gross, was indirectly ordering the husband to liquidate his retirement account. Because the record does not reflect that the trial court violated § 36-27-28, we conclude that the husband’s argument on this point is without merit.

II.

The husband next argues that the trial court erred in calculating the amount of equity in the marital home. The evidence indicated that the marital home was subject to an outstanding mortgage in the amount of $99,075.49. At the trial, the husband testified that the marital home was worth between $115,000 and $120,000. The wife, however, testified that the marital home was worth $145,000. The trial court apparently determined that the marital home was worth $139,075.49, an amount between the values testified to by the parties. In Edwards v. Edwards, 26 So.3d 1254 (AIa.Civ.App.2009) (overruled on other grounds by Enzor v. Enzor, 98 So.3d 15 (Ala.Civ.App.2011)), this court approved of the trial court’s setting a valuation of real estate “at an amount between the value each party had ascribed to each parcel,” stating that “the values set by the trial court were in line with the general valuation testimony given by the parties.” 26 So.3d at 1260 and 1261. Similarly, in the present case, the valuation of the marital home set by the trial court was “in line with the general valuation testimony given by the parties.” Id. at 1261. Therefore, we conclude that the husband’s argument on this point is without merit.

*1207
III.

Finally, the husband argues that the trial court erred in ordering him to pay the wife’s automobile-insurance payments during the divorce proceedings. The evidence shows that the husband paid the insurance until October 2014. At that point, the wife had ceased 'sending the husband the bills although they continued- to accrue. .The wife testified that she paid the insurance at a rate of $95 per month for 10 months. The husband argues that it would be inequitable to compel him to reimburse the wife $950 because she failed to forward to him the insurance bills.
If the order had conditioned payment on receipt of the bills from the wife, then the husband clearly would not have to reimburse the wife. See Chunn v. Chunn, 183 So.3d 985 (Ala.Civ.App.2015) (reversing a finding of contempt against the husband for his failure to pay orthodontic expenses when the judgment at issue stated that, if the wife failed to notify the husband of the expenses, he was no longer obligated to pay a portion of the bill). However, in this case, the pendente lite order unconditionally required the husband to pay the automobile-insurance bills. The wife should have continued to send the husband the bills in order to apprise him of the amount due. On the other hand, the husband does not point to any evidence indicating that he attempted to elicit the amount of the wife’s insurance bills in order to pay them. At any rate, the husband has not explained with any legal reasoning how the wife’s omission excuses him from payment. The trial court ordered the husband to pay the automobile insurance as a form of pendente lite alimony. See Duerr v. Duerr, 104 So.3d 229 (Ala.Civ.App.2012). The husband argues only general principles regarding property division that do not apply in this context.
Inapplicable general propositions are not supporting authority, and- an appellate court has no duty to perform a litigant’s legal research. Legal Systems, Inc. v. Hoover, 619 So.2d 930 (Ala.Civ.App.1993); Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889 (Ala.Civ.App.1991); and Moats v. Moats, 585 So.2d 1386 (Ala.Civ.App.1991). Similarly, appellate courts do not, ‘based on undeli-neated propositions, create legal arguments for the appellant.’ McLemore v. Fleming, 604 So.2d 353, 353 (Ala.1992). This court will address only those issues properly presented .and for which supporting authority has been cited. Simonton v. Carroll, 512 So.2d 1384 (Ala.Civ.App.1987).” .
Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996). “When an appellant fails to properly argue an issue, that'issue is waived and will not be considered.” Asam, 686 So.2d at 1224. Because' the husband has failed to formulate an argument with supporting authority on this issue, we cannot reverse the trial court’s judgment on this point.

Conclusion

Based on the foregoing, we . affirm the trial court’s judgment. The wife’s request for the award of attorney’s fees on appeal is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ.,' concur.