ROBERT P. BRADLEY, Retired Appellate Judge.
This is a divorce case.
After twenty years of marriage, the parties to this appeal were divorced by the Circuit Court of Etowah County, Alabama. There were two children born of the marriage, only one of whom is now a minor.
In its decree the trial court awarded custody of the minor daughter to the wife and required the husband to pay $71 per week in child support. The wife was awarded $250 per month for 24 months as periodic alimony. An undeveloped piece of property worth about $6,500 was ordered sold and the net proceeds awarded to the wife.
The use of the marital residence was awarded to the wife until the daughter reaches her majority or the wife remarries, whichever occurs first. The husband was *219 ordered to pay the remaining mortgage indebtedness on the residence until one or the other of the above events occurs. At that time, the property is to be sold and the net proceeds divided between the parties.
The court awarded the household furnishings and goods to the wife. The husband and wife were each awarded title to the various motor vehicles then in their respective possession. The parties’ federal and state tax refunds were divided evenly between them. The court required the wife to be responsible for all of her medical, dental, and prescription bills in excess of that covered by insurance. The husband was required to maintain health insurance on the child and to be responsible for any medical bills not covered by insurance. The husband appeals.
The dispositive issue here is whether the trial court made an excessive award of alimony and property to the wife.
The award of alimony and a property division come within the judicial discretion of the trial court, and its decision is reviewable only for an abuse of that discretion. Bright v. Bright, 456 So.2d 1091 (Ala.Civ.App.1984). An award of property does not have to be equal, but it must be equitable based on the facts of each case. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989). In deciding whether to award alimony or how much property to award to each spouse, the trial court should consider the length of the marriage, the value and type of property owned, each party’s age, health, future prospects, station in life, earning capacity, and conduct. Jordan.
The facts show that the husband is a long-time employee of a plumbing and pottery business. His average weekly gross wage for a 40-hour week is $358. However, the husband often works considerable overtime, for which he has sometimes earned over $600 in a week. The husband’s employer provides health and dental insurance, to which the husband contributes $1.50 per week.
The husband owned several handguns and rifles, which he took with him when he left the marital home. The husband also took his tools, several items of building equipment, several items of furniture, and a large quantity of building supplies, some of which were later sold. The husband was thus left with a considerable amount of personal property from the marriage, as well as several early-model automobiles awarded to him by the trial court.
The record shows that during the marriage the wife stopped working outside the home after the birth of the parties’ first child. The record does not indicate that the wife has any office or vocational skills. The wife does make rag rugs which she sometimes sells to a craft store and in craft shows, from which she has earned as much as $50 to $60 weekly. The wife testified at trial that she did not expect this work to last permanently.
The trial court apparently considered these facts in determining that the wife should have use of the marital home and the proceeds from the sale of the parties’ parcel of real' property. Based on the length of the marriage, the ages of the parties, the disparity in the earning potential of the parties, and their future prospects, we cannot say that the trial court’s property division and award of alimony are so excessive as to be an abuse of discretion. This is especially true in view of the wife’s limited earning potential and her financial responsibilities as the daughter’s custodial parent.
The judgment of the trial court is affirmed.
The wife is awarded an attorney’s fee on appeal in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.