Jerry Mack Carter ("the husband") appeals from a judgment of divorce that, among other things, awarded alimony to Betty Sue Carter ("the wife"), awarded the *Page 408 
wife approximately one-half of the husband's retirement benefits, and awarded the wife attorney fees.
The parties were married in 1973 and they separated in July 2001. The parties have no surviving children. The husband filed the present action in May 2002, seeking a divorce on the ground of incompatibility of temperament. In July 2002, the wife filed an answer and a counterclaim, seeking a divorce on the ground of incompatibility of temperament.
The case was tried ore tenus in April 2004. The trial court entered a judgment of divorce in May 2004 that awarded to the wife, among other things, alimony in the amount of $650 per month, with the amount to be reduced to $400 per month when the husband retires; approximately one-half of the husband's retirement benefits; certain other marital property; and attorney fees. The husband filed a postjudgment motion that was denied. The husband appeals.
At the time of the trial, the husband was 57 years old and had been employed as a firefighter with the City of Huntsville Fire Department for more than 30 years. The husband's net income from the City is approximately $2,500 per month and his expenses are approximately $800 per month. The husband had previously worked part-time operating a bulldozer and earning approximately $200-$300 per week, but he quit working at this second job shortly before the trial. The husband has only a grade-school education and cannot read or write.
At the time of the trial, the wife was 54 years old and was employed by the City of Huntsville Police Department as a parking officer. The wife's net income is approximately $1,300 per month, and her expenses are approximately $2,200 per month. The wife has completed high school and one year of technical school.
The husband is a vested participant in the Employees' Retirement System of Alabama ("ERS") by virtue of his employment with the City of Huntsville. He has approximately 36.5 years of creditable service with the ERS, including approximately 31 years of actual service and 5 years of additional service credit that he recently purchased. All of his creditable service for retirement accrued during the parties' marriage. If the husband had retired in April 2004, his gross monthly retirement benefit would have been approximately $2,300. There was testimony from a financial planner that the present value of the husband's retirement benefit is approximately $709,000.
The wife is also a participant in the ERS, but her benefits have not yet vested because she does not have 10 years' service with the City of Huntsville.
The parties did not accumulate significant assets during their marriage. In January 2001, the parties sold the marital residence. The net proceeds from that sale were approximately $57,000. After payment of certain debts and taxes, each party received approximately $10,000. The husband used his share of the proceeds to purchase his additional service credit toward retirement.
In addition to the division of the husband's retirement benefits, the judgment awarded the wife a lakefront lot valued at $9,000; one-half of a deferred-compensation account owned by the husband,[1] the *Page 409 
entirety of which was valued at approximately $14,000; the entirety of the wife's deferred-compensation account, valued at approximately $3,000; and a motor vehicle, a boat, and personal property. The husband received the remaining one-half of his deferred-compensation account, and motor vehicles, boats, and personal property. Each party received the bank accounts in his or her separate name, and each party was ordered to be responsible for his or her separate debts.
On appeal, the husband contends (1) that it was inequitable for the trial court to award the wife one-half of his retirement benefits plus alimony, (2) that the wife did not establish the present value of the husband's retirement benefits by competent evidence, and (3) that the trial court erred in awarding the wife attorney fees.
Whether to award alimony and the division of marital property are matters within the discretion of the trial court, and the judgment of the trial court is presumed correct when evidence is heard ore tenus. Ex parte Durbin, 818 So.2d 404, 408 (Ala. 2001). To the extent that the trial court did not make detailed findings of fact, we must assume that "the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous." Ex parte Bryowsky, 676 So.2d 1322,1324 (Ala. 1996).
The husband first argues that it was inequitable for the trial court to award the wife alimony and to also award her approximately one-half of his retirement benefits. The purposes of alimony are to preserve, to the extent possible, the economic status of the parties that existed during the marriage and to provide support for the dependent former spouse. Kahn v. Kahn,682 So.2d 1377, 1380 (Ala.Civ.App. 1996); and O'Neal v.O'Neal, 678 So.2d 161, 165 (Ala.Civ.App. 1996). An award of alimony and the division of marital property must be considered together and must be equitable. Ex parte Durbin,818 So.2d at 408. The determination as to what is equitable lies within the sound discretion of the trial court. Id. Factors to be considered in determining an award of alimony and the division of property include the parties' respective ages, earning capacities, and future prospects; the parties' standard of living and stations in life; the length of the marriage; the conduct of the parties in regard to the cause of the divorce; and the source, value, and types of marital properties. Murray v.Murray, 598 So.2d 921 (Ala.Civ.App. 1992); Rolls v. Rolls,623 So.2d 744 (Ala.Civ.App. 1993); Crowe v. Crowe, 602 So.2d 441,443 (Ala.Civ.App. 1992) (fault can be considered in dividing property, even if the divorce is not granted on the basis of fault).[2]
Specifically, the husband argues that, in light of the division of marital property and, especially, the award of one-half of his retirement benefits to the wife, the amount of his alimony obligation payable after he retires will be excessive. After the husband retires, the wife will receive one-half of the husband's retirement income (approximately $1,150 per month) plus $400 per month in alimony. As a result (and barring a change of circumstances, which also could provide a basis for a modification of the alimony award), the husband will be forced to live on approximately *Page 410 
$750 per month, before taxes, while the wife will be receiving an income (including her own earnings) in excess of $3,200 per month.
The husband has no significant financial assets, other than his retirement income, from which to pay any alimony obligation after he retires. In addition, the record reveals that the husband has health problems, including a heart condition that required surgery in 1991 and obesity sufficiently severe to require gastric-bypass surgery, and a limited postretirement earning capacity due to his illiteracy.
Based on the foregoing, we conclude that the husband is correct and that the amount of alimony that the trial court ordered him to pay following his retirement is excessive. We therefore reverse the judgment as it relates to alimony and the division of property. On remand, the trial court is to consider the factors discussed in Murray, supra, Rolls, supra, and Crowe, supra, and its own assessment of the evidence in fashioning a more equitable property division and alimony award.
The husband's brief to this court suggests at least two other issues for our consideration with respect to the division of his retirement benefits. The first of these is whether the wife has been awarded some portion of the husband's retirement benefits accruing after the divorce because of the manner in which the formula used in the judgment to divide the retirement benefits incorporates any salary increases for the husband after the divorce. The second concerns an asserted inequity resulting from the fact that, according to the husband, the division of the husband's retirement benefits has been structured in such a manner as to require all income taxes applicable to the retirement benefits to be paid from the husband's share. Given our disposition of the above-discussed issue, and our remand of this cause to the trial court for it to further consider the matters of alimony and property division, we pretermit discussion of these two issues.
The husband next argues that the award to the wife of one-half of his retirement benefits was in error because there was no competent evidence of the present value of those benefits. The husband contends that the wife's expert witness, who was a stockbroker and financial planner, was not qualified to give an opinion as to the present value of his retirement benefits and that her opinion was inadmissible because the expert did not properly establish the husband's life expectancy or the applicable discount rate.
The husband cites McAlpine v. McAlpine, 865 So.2d 438
(Ala.Civ.App. 2002), for the proposition that an award of retirement benefits may be made only if the present value of the retirement benefits was proven to the trial court by testimony from a certified public accountant or an actuary.[3] InMcAlpine, this court stated that "[w]e note that the valuation of retirement benefits can be a difficult task that may require expert testimony from a certified public accountant or an actuary." 865 So.2d at 441 n. 1. McAlpine did not, however, specify how present value should be determined, did not hold that expert testimony is required in all cases, and did not address what type of expert, if any, would be necessary to establish present value. The trial court in this case determined that the wife's expert was qualified by training and experience to testify as to present value. Admissibility of expert testimony *Page 411 
is largely within the discretion of the trial court. Tidwell v.Upjohn Co., 626 So.2d 1297 (Ala. 1993). We do not find that the trial court exceeded its discretion with respect to the qualifications of this witness.
The husband also argues that the expert's opinions were not admissible because her opinion as to the husband's life expectancy was not based on the statutory annuity tables and because the expert could not tell the trial court where she obtained the discount rate used in her calculations. The husband's argument fails because he does not cite any authority requiring the use of a specified actuarial table, see Rule 28(a)(10), Ala. R.App. P., and McLemore v. Fleming,604 So.2d 353 (Ala. 1992), and because any deficiencies in an expert's testimony go to weight and credibility of that evidence, not to its admissibility. Tidwell, 626 So.2d at 1300.
Finally, the husband argues that the trial court erred in awarding the wife attorney fees. Whether to award attorney fees in a divorce action rests within the sound discretion of the trial court, and such an award will not be reversed unless the trial court exceeded its discretion. Campbell v. Tolbert,656 So.2d 828, 830 (Ala.Civ.App. 1994) (factors to be considered include "the results of the litigation, the nature of the conduct of the parties, the financial circumstances of the parties, and the earning capacities of the parties"); and Robinson v.Robinson, 840 So.2d 180, 184 (Ala.Civ.App. 2002). Based on a review of the record, we do not find that the trial court exceeded its discretion with respect to attorney fees.
We affirm the judgment as to the award of attorney fees. We reverse the judgment as it relates to the division of marital property and the award of alimony, and we remand the cause for further proceedings consistent with this opinion.
The wife's request for the award of an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, P.J., and BRYAN, J., concur in the result, without writing.
[1] The deferred-compensation account is separate from the husband's retirement account. It is intended to supplement an employee's retirement income, but the funds in the account may be withdrawn by the employee before retirement. The husband did not object to the division of his deferred-compensation account, except as it affects the equity of the overall division of marital property.
[2] Although the trial court did not make any findings with respect to the conduct of the parties, there is evidence in the record from which the trial court could have concluded that the husband's adultery, gambling, excessive spending, and "mean" treatment of the wife contributed to the breakup of the marriage.
[3] But see Wilkinson v. Wilkinson, 905 So.2d 1 (Ala.Civ.App. 2004) (Murdock, J., concurring specially) (evidence of present value is not required in every case and a judgment does not need to be couched in terms of the present value of the benefits).