THOMAS, Judge.
Ellen Blinder Ross (“the wife”) appeals from a judgment of the Baldwin Circuit Court divorcing her from Jay Michael Ross (“the husband”). We affirm.

Facts and Procedural History

On August 14, 2008, the husband filed a complaint in the trial court seeking a divorce from the wife. The wife answered the husband’s complaint and filed a counterclaim for a divorce. The parties were married for 26 years, and there were two children born of the marriage; however, *1039 only one of the children (“the child”) was a minor at the time of the trial.
The wife had worked as a school teacher for most of the marriage; however, at the time of the trial she was receiving disability benefits and was unable to work. The wife is 47 years old and she suffers from numerous health problems, including type II diabetes, hypothyroidism, an enlarged colon, rheumatoid arthritis, fibromyalgia, Raynaud’s disorder, four herniated disks, degenerative disk disease, cardiac arrhythmia, and depression. The wife’s income consists primarily of Social Security Administration disability payments and retirement benefits from the Retirement Systems of Alabama.
The wife also testified that since the parties’ separation she has received $750 to $1,000 per month from a family trust. The trust was established by her father. The wife has a right to the interest generated by the trust; the principal will vest in the parties’ children at a future date. The wife testified that, although she had a right to the interest generated by the trust, the parties had only accessed the trust on two occasions during the marriage — to pay for the parties’ children’s bar mitzvahs and to purchase a laptop computer.
In 2006, after becoming disabled, the wife started an online business selling leather goods on the Internet Web site eBay.com (“the eBay business”). The wife estimated that she incurred $40,000 in debt to start the eBay business; the husband estimated that the wife incurred $100,000 in debt to start the business. The wife testified that she did not track the profitability of the eBay business. The wife also testified that in late 2008 the eBay business had “broke even.” However, the wife also testified that she had paid back $20,000 of the debt she had incurred in starting the business. The husband introduced evidence indicating that the eBay business qualified as a “power seller,” meaning that the eBay business had sales of at least $1,000 per month or listings of greater than a certain number of items per month. Other evidence showed that the wife had sold at least 600 items over a 13-month period through the eBay business. At one point the wife testified that she was planning to shut down the eBay business because, she claimed, the Internal Revenue Service (“the IRS”) and the Social Security Administration (“the SSA”) both would soon start considering selling on eBay a business; the wife claimed that she was not currently required to report any income from the eBay business to the IRS or to the SSA.
The husband is a partner in a law firm, from which he receives a substantial income. During the course of the parties’ marriage, the parties purchased interests in eight different rental properties (collectively referred to at times as “the rental properties”). The rental properties included a house on Dauphin Island, four other houses in the Mobile area, two small commercial office buildings,[1] and a condominium in Tuscaloosa. According to both the husband and the parties’ tax returns, the expenses for the rental properties exceed the revenues generated from the rents received for the properties.
At the time of trial, the child was 18 years old and was about to begin college at the University of Alabama, where the parties’ older child is currently enrolled. The husband testified that he currently pays for all the older child’s college expenses and that he would pay all the child’s college expenses, including tuition, fees, books, room, board, and fraternity fees. The child began college in August 2009.
*1040 On April 9, 2009, the trial court entered a judgment divorcing the parties. In its judgment, the trial court awarded the wife all right, title, and interest in the marital home; the trial court ordered the husband to pay the mortgage debt on the martial home, which totaled $71,000. The trial court also awarded the wife all the furnishings in the marital home, a 2002 Chevrolet Suburban Sport-utility vehicle, all her interest in the trust account, the eBay business, and $1,000 per month in periodic alimony; the trial court made the wife responsible for the payment of credit-card debts totaling $90,000. The trial court awarded the husband all right, title, and interest in the rental properties and made the husband solely responsible for the debts on those properties. The trial court also awarded the husband a 2007 Acura automobile, a 1986 Chevrolet Corvette automobile and a Honda motorcycle. The trial court further made the husband responsible for approximately $30,000 in credit-card debt. The trial court awarded the wife custody of the child and ordered the husband to pay $700 per month in child support until the child started college in August 2009. At that time the husband’s child-support obligation would cease and the husband would be responsible for paying all the child’s college-related educational and living expenses. The trial court further ordered the husband to provide health insurance for the child and to be responsible for any noncovered medical expenses incurred by the child.
The wife subsequently filed a post-judgment motion for a new trial or, in the altexmative, to alter, amend, or vacate the judgment; the husband filed a post-judgment motion to alter, amend, or vacate the judgment. On July 14, 2009, the trial court denied the wife’s motion for a new trial and amended the judgment, adding a provision requiring the parties to split any costs associated with the pai'ties’ three dogs and a provision stating that the wife would be responsible for any tax liability associated with the eBay business. The wife subsequently appealed to this court.

Issues

The wife raises three issues on appeal: (1) whether the trial court erred in its allocation of mai'ital property and debt and in its detei-mination of alimony; (2) whether the trial court erred in its calculation of child support; and (3) whether the trial court erred when it terminated the husband’s child-support obligation when the child began college.

Standard, of Review

“The well-established standard of review is that a divorce judgment based on ore tenus evidence is presumed correct. See Robinson v. Robinson, 795 So.2d 729 (Ala.Civ.App.2001). Such a judgment will be reversed only where it is unsupported by the evidence so as to be plainly and palpably wrong. Id. at 733. On appeal the division of property and the award of alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its disci-etion as to either issue. See O’Neal v. O’Neal, 678 So.2d 161 (Ala.Civ.App.1996). A property division does not have to be equal in order to be equitable based on the particular facts of each case; a determination of what is equitable rests within the sound discretion of the trial court. See Golden v. Golden, 681 So.2d 605 (Ala.Civ.App.1996).”
Baggett v. Baggett, 855 So.2d 556, 559 (Ala.Civ.App.2003).

Analysis

The wife first argues that the trial court erred in its determination of alimony and in its division of property and debt.
“An award of alimony and the division of marital property are considered to *1041 gether and are matters within the discretion of the trial court. Carter v. Carter, 934 So.2d 406 (Ala.Civ.App.2005) (citing Ex parte Durbin, 818 So.2d 404, 408 (Ala.2001)). Because those matters are interrelated, the entire judgment must be considered in determining whether the trial court exceeded its discretion as to either issue. See [Harmon v.] Harmon, [928 So.2d 295 (Ala.Civ.App.2005) ]. Furthermore, a property-division does not have to be equal, but it must be equitable, J.H.F. v. P.S.F., 835 So.2d 1024 (Ala.Civ.App.2002), and it must be ‘supported by the particular facts of the case,’ Ex parte Elliott, 782 So.2d 308, 311 (Ala.2000). The determination of what is equitable is a matter of discretion for the trial court. See Carter, supra.”
Clements v. Clements, 990 So.2d 383, 390 (Ala.Civ.App.2007). The trial court should consider several factors when determining a party’s need for alimony and when dividing marital property, including “ ‘the length of the marriage, the age and health of the parties, the future employment prospects of the parties, the source, value, and type of property owned, and the standard of living to which the parties have become accustomed during the marriage.’ ” Ex parte Elliott, 782 So.2d 308, 311 (Ala.2000) (quoting Nowell v. Nowell, 474 So.2d 1128, 1129 (Ala.Civ.App.1985)).
In this case, the wife was awarded the marital home and the husband was required to pay the outstanding debt on the marital home; the marital home was valued at $301,000.[2] The husband was awarded all his interest in eight rental properties and was required to pay any outstanding debts on those properties; the combined equity in the rental properties equaled $250,000. The husband was also awarded three vehicles with a combined estimated value of $37,000. The parties also had a significant amount of debt that they had accumulated during the marriage. The trial court obligated the husband to pay the first and second mortgages on the marital home along with a portion of the parties’ credit-card debt; the debt assigned to the husband totaled $101,000. The trial court ordered the wife to be responsible for a portion of the parties’ credit-card debt totaling $90,000, including debt allegedly incurred by the wife in the course of operating the eBay business. Thus, the property and debt awarded to each party is substantially equal.
The wife’s income consisted of $1,332 per month in disability payments from the SSA and $846 per month in payments from the Retirement Systems of Alabama. After the parties’ separation, the wife also received $750 to $1,000 per month from a family trust. According to the terms of the divorce judgment, the wife will receive $1,000 per month in alimony. Thus, the wife’s total income is between $3,928 and $4,178 per month. The wife’s expenses included $650 to $675 per month in noncov-ered medical expenses, $180 per month in psychological counseling, $2,550 in credit-card debt payments, and $380 per month in expenses for the parties’ three dogs. The wife would also be responsible for the payment of taxes, utilities, and maintenance on the marital home, which total approximately $850 per month. The total of the wife’s reported expenses is between $4,610 and $4,635 per month, which exceeds her reported income by as much as $707 per month.
However, the trial court also heard testimony from which it could have inferred *1042 that the wife had additional income from the eBay business. The wife’s testimony concerning the profitability of the business was conflicting. The wife claimed that she did not track whether she had made a profit from the business and also testified that she had only broken even. However, the wife also testified that she had paid back $20,000 of her initial investment in the business, testimony from which the trial court could have inferred that the wife had made a profit from the business.
The husband’s income consisted of approximately $14,583 per month in income from his law practice. The husband received rents from the various rental properties; however, according to the husband and the parties’ tax returns, the rental properties, in the aggregate, did not generate any income after expenses were deducted from the rents received. In fact, according to the parties’ tax returns, the expenses on the rental properties exceed the revenues generated by the rents. The husband’s reported monthly expenses consisted of $2,600 in credit-card debt payments, $900 in expenses for the child, $1,117 in expenses related to the apartment where the husband currently lives, $2,200 in payments on the first and second mortgages on the marital home, $2,202 in college expenses for the older child, $200 in automobile maintenance and repairs, $500 in automobile insurance premiums, and $2,000 in state and federal income-tax payments. The husband listed expenses for utilities and maintenance of the marital home; however, following the entry of the divorce judgment the wife would be responsible for those expenses. The husband also listed $1,661 in expenses relating to the Dauphin Island property; however, according to the evidence submitted by the husband, the Dauphin Island property rents for $1,600 per month.[3] Thus, all except $61 of the expenses for the Dauphin Island property would be offset by the rent received. The husband anticipated that his monthly expenses would increase by an additional $550 when the child started college in August 2009, and the husband was also ordered to pay the wife $1,000 per month in alimony and will have to pay $380 per month as his half of the estimated expenses associated with the parties’ three dogs, bringing the husband’s total monthly expenses to $13,710 — $873 less than his monthly income. However, the trial court also had information in the form of the husband’s testimony and from the parties’ tax returns indicating that the husband had additional expenses related to the rental properties that resulted in the husband’s being unable to meet his monthly expenses each month without incurring additional debt.
It appears that both parties will have difficulties paying their monthly expenses after the divorce.[4] From the testimony of the parties and the other evidence, the trial court could have determined that the husband was unable to pay additional alimony to the wife and that the wife, in fact, had an additional source of income in the form of the eBay business. This court has stated that “[njeither party can maintain his or her former status, which resulted from the combined incomes, now that those incomes must support two households.” Gates v. Gates, 830 So.2d 746, 750 (Ala.Civ.App.2002). Moreover, the division of marital property is substantially equal. Thus, we cannot say that the trial court’s division of marital property and its award of alimony was inequitable considering the *1043 facts of this case. See Vaughn v. Vaughn, 586 So.2d 218, 219 (Ala.Civ.App.1991) (“An award of property does not have to be equal, but it must be equitable based on the facts of each case.”).
The wife next argues that the trial court erred in its calculation of child support because, she argues, the award of $700 in child support was less than the amount she would have been awarded had the parties’ income not exceeded the maximum income listed in the table appended to Rule 32, Ala. R. Jud. Admin.[5] When the gross adjusted income of the parties to a divorce exceeds the amount listed in the table appended to Rule 32, the trial court can exercise its discretion in establishing a child-support obligation. Rule 32(C)(1). “This court has held, however, that a trial court’s discretion is not unbridled and that the amount of child support awarded must relate to the reasonable and necessary needs of the children as well as to the ability of the obligor to pay for those needs.” Dyas v. Dyas, 683 So.2d 971, 973 (Ala.Civ.App.1995).
The husband testified that he provides the child with a pre-paid credit card with $700 in funds every month, in addition to paying for the child’s automobile insurance, maintenance, and gasoline. The mother testified that she had spent additional money in order to meet the child’s basic needs; however, she did not provide any evidence as to the amount that she had spent in excess of the $700 per month provided by the husband. Because the wife did not present any evidence as to the amounts above $700 required to provide for the child’s reasonable and necessary needs, the trial court did not have any basis on which to award additional child support. Washington v. Washington, 24 So.3d 1126, 1135 (Ala.Civ.App.2009). Therefore, we find no error on the part of the trial court in determining the husband’s child-support obligation.
Finally, the wife argues that the trial court erred when it terminated the husband’s child-support obligation when the child began college in August 2009 instead of when the child reached his 19th birthday, which occurred in November 2009. It appears from the wife’s testimony at trial that she only requested child support until the child began college in August 2009; that is what the trial court awarded her. The wife responded, “yes, sir,” when asked by her counsel: “Are you asking for child support between now and when [the child] goes to school?”
“The law is well settled that a party may not induce an error by the trial court and then attempt to win a reversal based on that error. ‘A party may not predicate an argument for reversal on “invited error,” that is, “error into which he has led or lulled the trial court.”’ Atkins v. Lee, 603 So.2d 937, 945 (Ala.1992) (quoting Dixie Highway Express, Inc. v. Southern Ry., 286 Ala. 646, 651, 244 So.2d 591, 595 (1971)). ‘That doctrine [of invited error] provides that a party may not complain of error into which he has led the court.’ Ex parte King, 643 So.2d 1364, 1366 (Ala.1993). ‘A party cannot win a reversal on an *1044 error that party has invited the trial court to commit.’ Neal v. Neal, 856 So.2d 766, 784 (Ala.2002).”
Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 808 (Ala.2003). Because the wife testified that she only wanted child support until the child began college, if the trial court committed any error in terminating the husband’s child-support obligation at that time, it was in the nature of invited error and it cannot serve as the basis to win a reversal on appeal.
Moreover, the wife’s argument on this issue consists only of the following statement: “Finally, the [h]usband should have been required to pay the [w]ife child support until November 2009, when the [child] turned 19, not August 2009 when the [child] left for college.” Because the wife’s argument is not supported by any authority, it does not meet the requirements of Rule 28(a)(10), Ala. R.App. P., and we need not further consider it. See Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996) (“[A]ppellate courts do not, ‘based on undelineated propositions, create legal arguments for the appellant.’ McLemore v. Fleming, 604 So.2d 353, 353 (Ala.1992). This court will address only those issues properly presented and for which supporting authority has been cited.”).

Conclusion

Because the wife has not demonstrated any error by the trial court, the trial court’s judgment is due to be affirmed.
AFFIRMED.
BRYAN and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result in part and dissents in part, with writing.
PITTMAN, J., recuses himself.

. One of the office buildings houses the husband's law firm.

. The trial court also awarded the wife all the furnishings in the marital home, a 2002 Suburban, and her interest in her eBay business — items on which the parties did not place values.

. The husband testified that although the Dauphin Island property was rented, the current renter was 2.5 months in arrears on the rent.

. Neither the husband’s nor the wife's reported expenses included basic items such as food and clothing.

. The child-support-obligation table appended to Rule 32 was amended, effective January 1, 2009, increasing the upper limit of the combined adjusted gross income listed in the table from $10,000 per month to $20,000 per month. The parties' income falls below the maximum amount listed in the amended table. The preface to Rule 32 provides that the amended rule applies to "all new actions filed or proceedings instituted on or after January 1, 2009. Any actions or proceedings instituted before January 1, 2009, shall be governed by Rule 32 as it read before January 1, 2009.” Because the husband filed his complaint for a divorce before January 1, 2009, Rule 32 as it read before January 1, 2009, applies to this case.