PITTMAN, Judge.
Kenneth Vines (“the husband”) appeals from a judgment of the Chambers Circuit Court divorcing the husband from Marion V. Vines (“the wife”), ordering the husband to pay child support and alimony, and dividing the parties’ marital property. We *986 affirm in part, reverse in part, and remand.

Facts and Procedural History

The husband and the wife were married in 1991. They had two children during the marriage, one of whom is a minor. The wife has a two-year associate’s degree and is employed by the revenue commissioner’s office in Houston County. The evidence would support a conclusion that the wife earns a net income of approximately $1,633 per month and that, upon the divorce, she will have monthly, expenses of approximately $2,500 to support herself and the minor child. The husband has a master’s degree and is the Public Safety Director for the City of LaFayette. The husband describes his position with the City of La-Fayette as the chief of police with additional responsibility over the fire department. " The evidence, indicates, that the husband earns a net income of approximately $3,500 per month.
During the trial, the parties reached an agreement regarding the custody of the minor child and child support. Specifically, the parties agreed that they would share joint legal custody of the child, that the wife would have primary physical custody of the child, and that the husband would pay the wife $642.39 per month in child support.[1]
In the final .divorce judgment, the trial court deviated from the parties’ child-support agreement and directed the husband to pay $752.50 per month in child support. In justifying its deviation, the trial court stated that, after the trial, it had received documentation from the wife indicating that the husband had been given a pay raise and that the cost of health insurance for the minor child had increased.
The trial court also ordered the husband to pay the wife $200 per month in alimony until the minor child reaches the age of majority, at which time the husband’s alimony obligation will increase to $750 per month. The trial court also awarded the wife 40% of the monthly benefits the husband will receive upon his retirement.
The trial court allowed the wife and the minor child to remain in the marital residence and ordered the husband to satisfy the monthly mortgage payment of $811 until the child reaches the age of majority. At that time, the residence is to be sold and the equity is to be divided between the husband and the' wife. The trial court awarded the husband two vehicles and required him to pay the loans secured by, or used to purchase, those vehicles; awarded the wife two other vehicles; and divided other personal and household property between the parties.
Although the husband denied having had an extramarital affair, the. evidence presented during the trial would support a conclusion that he had done so. After the trial, the husband sent the trial court a letter 'in which the husband appeared to admit to having altered documentary evidence and to having committed perjury *987 during the trial regarding his alleged paramour. The trial court sanctioned the -husband for his conduct during the litigation.
The husband appeals, arguing that the trial court erred in calculating his child-support obligation based on documentation submitted after the trial, in awarding alimony to the wife, and in dividing the parties’ marital property.’ The husband has not appealed froiri the sanctions levied against him for falsifying documents and committing,perjury. , .

Analysis

Child Support

Although' the husband points out that the documentation upon which the trial court apparently relied in deviating from the parties’ child-support agreement does not appear in the record, the husband stops short of expressly contending that the wife did not, in fact, submit that documentation to - the trial court. Indeed, the husband asserts that “[t]he trial court should have limited its consideration to the facts admitted into evidence during the trial of the case, rather than considering post-trial ex parte documentation sent to it by [the wife].”.
Nevertheless, the 'husband argues that the trial court erred, and violated the husband’s due-process rights, by considering documents submitted posttrial. The husband, however, did not file a postjudgment motion after the trial court had entered its final judgment and did not otherwise argue to the trial court'that it was .precluded from considering the additional documentation. Thus, this court will not reverse on that grótind. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (indicating that appellate courts cannot consider arguments raised for the first time on appeal and that appellate review is restricted to the evidence and the arguments considered by the trial court).
‘ Although the husband does not expressly deny that the trial court indeed had received the additional “evidence” after the trial, the husband nevertheless argues that the child-support award must be reversed because the materials allegedly supporting that award were never made á part of the trial-court record. In other words, the husband argues that the child-support award is not supported by the evidence of record.
Our supreme court has instructed that “Rule 52(b), Ala. R. Civ. P., exempts' a party from the requirement of ... filing a postjudgment motion in order to preserve for appeal a sufficiency-of-the-evidence claim in a nonjury trial in which specific findings of fact are made.” Ex parte J.C.C., 4 So.3d 1188, 1189 n. 1 (Ala.2008). The trial court in the present case based its child-support award on findings that the husband’s annual income was $63,036 and that the cost of the minor child’s health insurance was $165 per month. Pursuant to J.C.C. and Rule 52(b), the husband was not required to file a post-judgment motion in order to preserve his argument that the trial court’s child-support award, which was based on those findings, is unsupported by the evidence.
The husband asserts that the child-support award deviates from, the guidelines set out in Rule 32, Ala. R. Jud. Admin. According to this court,
“[t]he amount of support that would re-suit from the application of the guidelines is presumed to be the correct amount of child support. Rule 32(A), Ala. R. Jud. Admin. This presumption may be rebutted if the trial court makes a finding of fact that, based upon the evidence presented, ■ the ■ application of the guidelines would be manifestly unjust or inequitable.”
*988 Hamilton v. Hamilton, 647 So.2d 756, 758 (Ala.Civ.App.1994). During the trial, the parties submitted a Form CS-42, which indicated that the husband’s gross monthly-income is $5,000 per month and that the' wife’s gross monthly income is $2,231 per month. The form also indicated that the minor child’s health-insurance costs were $39 per month.[2] Based on the figures identified on the Form CS-42 and the Rule 32 child-support guidelines, the recommended child-support obligation of the husband would have been $642.39 per month. Indeed, the wife acknowledged during the trial that she was entitled to “a little over six hundred dollars a month” in child support.
Although in certain situations a trial court may deviate from the amount of child support to be paid upon application of the child-support guidelines, the trial court’s justification for doing so in the present case, i.e., an increase in the husband’s income and an increase in the minor child’s insurance costs, simply is not supported by the record. Thus, the child-support award is reversed, and the cause is remanded for the trial court to recalculate the husband’s child-support obligation based on the evidence in the record. See Rule 32(A)(ii), Ala. R. Jud. Admin, (the presumption that the amount of child support required by application of the child-support guidelines is the correct amount may be rebutted by a finding that application of the guidelines would be unjust or inappropriate if such a finding is based upon “[a] determination by the court, based upon evidence presented in court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable”).[3]

Alimony and Property-Division Awards

The husband’s only argument on appeal regarding the trial court’s alimony and property-division awards is that, based on the husband’s alleged monthly expenses, the trial court’s judgment renders the husband unable to support himself. Although the trial court did not make specific findings of fact regarding all of the husband’s monthly expenses, and although the husband did not file a postjudgment motion challenging the sufficiency of the evidence, the husband did submit a posttrial brief before the trial court had entered its judgment. In that brief, the husband argued that his expenses rendered him unable to satisfy the alimony obligation. Thus, this court will consider the husband’s argu *989 ment. See New Props., L.L.C. v. Stewart, 905 So.2d 797, 805 (Ala.2004) (Harwood, J., concurring specially) (In a nonjury setting, “appellate review of a sufficiency-of-the-evidence issue may be preserved_by a motion made after the evidentiary stage of the hearing is concluded, but before judgment is entered.”).
“Our standard of review of a judgment determining an award of alimony and dividing marital property is well settled:
“ ‘When the trial court fashions a property division following the presentation of ore tenus evidence, its judgment as to that evidence is presumed correct on appeal and will not be reversed absent a showing that the trial court exceeded its discretion or that its decision is plainly and palpably wrong. Roberts v. Roberts, 802 So.2d 230, 235 (Ala.Civ.App.2001); Parrish v. Parrish, 617 So.2d 1036, 1038 (Ala.Civ.App.1993); and Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986). A property division is required to be equitable, not equal, and a determination of what is equitable rests within the broad discretion of the trial court. Parrish, 617 So.2d at 1038. In fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; their future prospects; their ages, health, and station in life; the length of the parties’ marriage; and the source, value, and type of marital property. Robinson v. Robinson, 795 So.2d 729, 734 (Ala.Civ.App.2001). “[W]e note that there is no rigid standard or mathematical formula on which a trial court must base its determination of alimony and the division of marital assets.” Yohey v. Yohey, 890 So.2d 160, 164 (Ala.Civ.App.2004).’
“Stone v. Stone, 26 So.3d 1232, 1236 (Ala.Civ.App.2009).”
Rieger v. Rieger, 147 So.3d 421, 428-29 (Ala.Civ.App.2013).
In his appellate brief to this court, the husband asserts that his net monthly income is $3,500 and that his monthly expenses, including the amounts he is required to pay under the divorce judgment, are $3,249, leaving him approximately $250 per month with which to provide himself a place to live, to pay for utilities, and to purchase food. The record, however, does not support the husband’s argument that his monthly expenses will leave him with an amount with which he cannot support himself.
First, the husband includes in the calculation of his monthly expenses several monthly payments on small debts that could be completely paid off in a relatively short period. The monthly payments on those debts total $125, while the total principal owed is less than $1,500. Second, the husband includes in his monthly expense calculation monthly payments on debts secured by two vehicles, i.e., $380 per month and $212 per month, respectively, for a total of $592 per month. • The trial court, however, awarded those vehicles to the husband. Thus, the husband could sell one or both of the vehicles and obtain a less expensive vehicle if necessary. Cf. Beatty v. Beatty, 991 So.2d 761, 767 (Ala.Civ.App.2008) (affirming the denial of a husband’s request to reduce his monthly alimony payments in part because the husband could sell his automobile and his boat, thus allowing him to satisfy his alimony obligation).
Finally, the husband includes a retirement contribution of $481 per month in calculating his monthly expenses. The husband’s retirement contribution, however, had already been deducted as part of the husband’s calculation of his net month *990 ly income. Thus, it appears that the husband has attempted to include the $481 retirement contribution as an expense twice.[4]
The husband relies on Carter v. Carter, 934 So.2d 406 (Ala.Civ.App.2005). In that case, this court reversed alimony and property-division awards because the wife’s monthly income, after receiving benefits from the husband, would be more than four times the husband’s monthly income. 934 So.2d at 409-10. Moreover, the husband in Carter had health problems and a limited earning capacity. Id. The same circumstances are not present in this case.
The husband has a higher earning capacity than the wife, and the payments and benefits provided by the husband and received by the wife pursuant to the divorce judgment are not nearly as unequal as those in Carter. The evidence indicates that the wife has a net income of $1,633 per month, that she will receive $200 per month in alimony payments, and that she will benefit from a mortgage payment, which is to be paid by the husband, in the amount, of $811 per month. The evidence supports a conclusion that she will have monthly expenses of approximately $2,500, not including the mortgage payment. The husband’s net monthly income is approximately $3,500 and he will be required to pay $200 per month in alimony, the monthly mortgage payment, and whatever child-support award the trial court enters upon remand.
In support of his argument, the husband relies on Kreitzberg v. Kreitzberg, 80 So.3d 925 (Ala.Civ.App.2011). That case is also distinguishable from the present case. In Kreitzberg, this court held that an alimony award violated § 30-2-51, Ala.Code 1975, because it indirectly required the husband, who was retired, to pay the wife more than 50 percent of the husband’s retirement income. In the present case, the husband has not argued on appeal, and he did not argue in the trial court, that the alimony award violates § 30-2-51.
This court will not reverse an award of alimony unless it is unsupported by the evidence so as to be palpably wrong or unjust. Herboso v. Herboso, 881 So.2d 454, 458 (Ala.Civ.App.2003). The husband’s assertion that he cannot afford the alimony payments because of his expenses is simply not supported by the record, and he has not demonstrated that the alimony award is unjust.
As for the trial court’s property division, the husband asserts that, “[b]ecause an award of alimony must be considered together with the division of marital property, this Court must reverse both the award of alimony as well as the division of martial property.” Although this court does consider alimony and property-division awards together, the only substantive argument that the husband makes regarding the trial court’s property division is based on the husband’s alleged inability to satisfy his monthly expenses and to support himself, which is an argument that is unsupported by the record. Although the husband identifies other factors that this court should consider in reviewing a division of marital property, he fails to apply those factors to the evidence in this case. Thus, the trial court’s division of marital property is also affirmed.
*991 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. In her brief on appeal, the wife points out that the Form CS-42, see Rule 32, Ala. R. Jud. Admin,, submitted to the trial court as part of the parties’ agreement originally showed that ■ the husband would pay $733.47 per month in child support, which appears to have been calculated based, in part, on monthly health-insurance costs for the minor child in the amount of $171, Both the amount for the monthly health-insurance premium and the amount, of the husband’s monthly child-support obligation, however, had been stricken by hand, and the amount of $642,39 had been written in as the monthly child-support amount. The parties do not explain the origin of the first estimate for health insurance, but it appears from the record that the health insurance for the parties’ older child, who has reached the age of majority, was $171. The wife agreed during the trial that she was to receive “a little over six hundred'dollars [per] month” in child support.

. The form indicates that, initially, the minor child’s health-insurance costs were calculated to be $171 per month. That figure, however, had been stricken by hand and the figure of $39 had been written in. The parties do not explain on appeal the origin of the $171 figure, and they do not dispute that the correct figure at the time the form was submitted was $39.

. The husband also argues that the trial court was bound by the parties' child-support agreement, regardless of the requirements of Rule 32. The husband, however, did not argue below that trial courts are, as a matter of law, bound by agreements regarding child support that are reached before a child-support award is entered, and on appeal the husband does not point to any authority that would support such an argument. Accordingly, this court will not reverse the trial court’s judgment on that ground. Andrews; City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998) (“When an appellant fails to cite any authority for an argument on a particular issue, [an appellate court] may affirm the judgment as to that issue, for it is neither [the appellate court’s] duty nor its function to perform an appellant’s legal research.”). See generally Rule 32(A)(1), Ala. R. Jud. Admin, (stating that a trial court may enter a child-support award that deviates from the amount resulting from application of Rule 32 based on "[a] fair, written agreement between the parties establishing a different amount and stating the reasons therefor”).

. The husband also asserts that the trial court required him to make monthly payments of "unknown amounts” for items such as the minor child's extracurricular athletic events, medical expenses, and life-insurance premiums, The husband does not point to any evidence indicating how much those expenses will be. Thus, this court simply cannot evaluate whether they would render the husband unable to pay the alimony award.